NORMA JANKOUSKY *et al.*, Plaintiffs-Appellants, v. JEWEL COMPANIES, INC., Defendant-Appellee (American Stores Company, Defendant).

First District (2nd Division) No. 1—87—3104

Opinion filed April 25, 1989.

---

*Justice Egan participated in the decision of this case prior to his assignment to the sixth division.

Robert A. Holstein and Aron D. Robinson, both of Holstein, Mack & Dupree, of Chicago, for appellants.

Gary E. Crawford, Frank K. Mandlebaum, Scott R. Shapherd, and John

P. Buckley, all of Skadden, Arps, Slate, Meagher & Flom, of Chicago, for appellee.

PRESIDING JUSTICE BILANDIC delivered the opinion of the court:

Plaintiffs' complaint seeks to establish a separate class of individuals to maintain an action to recover damages from defendants due to salmonellosis contracted from defendant Jewel's contaminated milk products. The trial court dismissed the complaint pursuant to a section 2—615 motion. (Ill. Rev. Stat. 1987, ch. 110, par. 2—615.) This appeal followed.

The complaint alleges the historical background of litigation against Jewel due to the salmonella outbreak in the Chicagoland area. On April 3, 1985, a class action was commenced in the circuit court of Cook County (by consolidation of existing cases) identified as *In re Salmonella Litigation,* civil action No. 85—L—000000. Plaintiffs in the case at bar were potential members of that consolidated action. During the period shortly after the class action commenced, but before a class was certified, Jewel contacted potential class members for the purpose of settling their claims. Jewel succeeded in its efforts to settle and obtain releases from many individuals.

This led individuals who settled to file a petition to intervene in the consolidated class action (No. 85—L—000000) as a subclass. That petition, identified as *Albrecht v. Jewel,* No. 85—L—16454, alleged that defendants fraudulently concealed information concerning the pendency of No. 85—L—000000 from plaintiffs when they settled their claims and executed releases. The settlements were completed prior to the certification of a class in the consolidated class action.

On October 15, 1986, the trial court allowed disabled persons and minors in *Albrecht* to participate in the consolidated class action (No. 85—L—000000) as members, not as intervenors. On October 23, 1986, the trial court found that the adult plaintiffs were not a proper class and could not intervene as a subclass in the consolidated class action because individual issues predominated over common issues.

The case before us was filed in January 1987. Plaintiffs are adults under no legal disability, who settled and executed releases prior to the certification of a class in the consolidated class action (No. 85—L—000000). Plaintiffs allege that defendants fraudulently concealed information concerning the pendency of the consolidated class action of which they were potential members. Defendants moved to dismiss plaintiffs' complaint for failure to state a cause of action. Defendants

assert that plaintiffs' complaint failed to set forth the elements of a class action. Defendants further alleged that plaintiffs were collaterally estopped from relitigating the issue of class certification based on the court's decision in Albrecht.

On August 28, 1987, the trial court dismissed plaintiffs' action for failure to plead the statutory requirements of a class action and also determined that plaintiffs were collaterally estopped from maintaining the action based on the ruling in Albrecht. On August 31, 1987, plaintiffs' entire complaint was dismissed for failure to state a cause of action. Thus, plaintiffs' class action and individual claims were dismissed. Plaintiffs did not ask leave to amend and chose to stand by their complaint. This appeal only involves the dismissal of count IV, which is based on fraud in the inducement.

I

We will first consider whether the plaintiffs stated an individual cause of action. If we determine that an individual cause of action has been stated, then we must consider whether the plaintiffs can also maintain a cause of action for others similarly situated as their class representative in a class action.

■ Count IV of plaintiffs' complaint seeks to allege fraud in the inducement. The parties agree that the essential elements of an action based on fraud or misrepresentation are: (1) a false statement of material fact; (2) known or believed to be false by the party making it; (3) made with intent to induce the other party to act; (4) action by the other party in justifiable reliance on the truth of the statement; and (5) resulting damages. The reliance by the other party must be justified, *i.e.*, he must have had a right to rely. (*Salisbury v. Chapman Realty* (1984), 124 Ill. App. 3d 1057, 1062, 465 N.E.2d 127.) Where a person has a duty to speak, his failure to disclose material information is equivalent to a fraudulent concealment. 124 Ill. App. 3d at 1063.

At issue are settlements made during a 3½-month period, between April 3, 1985 (when the consolidated class action complaint, *In re* Salmonella, No. 85—L—000000, was filed), and July 25, 1985 (when a class was certified in that case). Plaintiffs in this case are Norma Jankousky, Daniel and Cindy Nagle, and Timothy Reed. Plaintiffs Daniel and Cindy Nagle and Timothy Reed were among the plaintiffs who filed the petition to intervene in the consolidated class action, Albrecht v. Jewel, No. 85—L—16454, alleging that defendants fraudulently concealed information concerning the pending class action (No. 85—L—000000) from plaintiffs when they executed settlements prior to class certification. Minors and adults under legal disability who set-

tled without court approval were permitted to intervene as class members in No. 85—L—000000. The petition to intervene was dismissed as to all other plaintiffs.

Plaintiffs in this action, Norma Jankousky *et al.*, are all adults under no legal disability who settled their claims between April 3, 1985, and July 25, 1985, prior to class certification in case No. 85—L—000000. Again, plaintiffs alleged that defendants fraudulently failed to disclose the existence of the pending class action prior to settlement. However, there is no specific allegation that plaintiffs were not aware of the pendency of the consolidated class action prior to making their individual settlements with defendants.

■ There is no prohibition against communications, negotiations, or settlements with persons who fall within the proposed class prior to class certification. The only limitation in such situations is when the settlements affect the rights of the nonsettling class members. (*Weight Watchers of Philadelphia, Inc. v. Weight Watchers International, Inc.* (2d Cir. 1972), 455 F.2d 770, 775; *Vernon J. Rockler & Cq. v. Minneapolis Shareholders Co.* (D. Minn. 1977), 425 F. Supp. 145, 149-50.) Although courts have uniformly allowed defendants, prior to class certification, to communicate with and settle the claims of proposed class members, plaintiffs have produced no authority requiring such defendants to make the affirmative disclosures concerning the pendency of the proposed class actions. In addition, there is no authority cited characterizing a defendant's failure to make such disclosures as an act of fraud.

■ Allegations of fraud must be made with "specificity, particularity and certainty" (*Trautman v. Knights of Columbus* (1984), 121 Ill. App. 3d 911, 914, 460 N.E.2d 350; see also *Goetz v. Avildsen Tool & Machines, Inc.* (1980), 82 Ill. App. 3d 1054, 1065, 403 N.E.2d 555), including "what the representations were, when they were made, by whom they were made, and to whom they were made" (*Waterford Condominium Association v. Dunbar Corp.* (1982), 104 Ill. App. 3d 371, 376, 432 N.E.2d 1009). Actions based on fraud are not generally appropriate subjects for class action treatment. (*Langson v. Goldberg* (1940), 373 Ill. 297, 26 N.E.2d 111.) Such an action is usually personal to the individual bringing suit and, as such, cannot be made the basis of a class action.

Although plaintiffs allege "misrepresentations" by defendants or their agents, they fail to support these allegations with specific facts, other than failure to disclose the pendency of the class action. The sole basis for the alleged fraud is the alleged failure of defendants to disclose the pendency of the consolidated class action (No. 85—L—

000000) prior to settlement, even though no class was certified and plaintiffs did not allege specifically that they were not aware of the pending class action.

■ A settlement release is presumed to be valid (*Blaylock v. Toledo, Peoria & Western R.R. Co.* (1976), 43 Ill. App. 3d 35, 356 N.E.2d 639; see also *Great American Federal Savings & Loan Association v. Grivas* (1985), 137 Ill. App. 3d 267, 484 N.E.2d 429), and plaintiffs must allege facts sufficient to establish a cause of action for invalidating the releases.

■ Public policy favors and encourages settlements. (*Birbalas v. Cuneo Printing Industries, Inc.* (7th Cir. 1944), 140 F.2d 826.) They promote peace (*Bingham v. Browning* (1902), 197 Ill. 122, 64 N.E. 317) and discourage needless litigation (*Ham v. Marshall* (1964), 46 Ill. App. 2d 92, 196 N.E.2d 377). Accordingly, settlements have long been recognized and enforced by the courts (*McDole v. Kingsley* (1896), 163 Ill. 433, 45 N.E. 281), and the settlements at bar are no exception.

■ At bar, plaintiffs are all adults under no legal disability who accepted settlements and executed releases. They make no specific allegation that they were not aware of the pending class action when they settled.

Under the facts alleged, we are asked to impose a duty upon the defendants to disclose the pendency of the class action prior to certification of a class when settling with a potential class member. In addition, we are asked to hold that failure to comply with this newly created duty constitutes fraud *per se*. No authority has been cited to support this argument and we have not been able to find any. We therefore decline to comply with plaintiffs' request.

Since plaintiffs did not allege an individual cause of action, there is no basis for a class action. See *Schlessinger v. Olsen* (1981), 86 Ill. 2d 314, 427 N.E.2d 122.

## II

■ When the dismissal orders were entered, plaintiffs did not ask the trial court for leave to amend their complaint. They elected to stand by their complaint and proceeded with this appeal.

In their opening brief, plaintiffs state:

> "At the very worst, plaintiff should be allowed to replead to further specify the incidents of fraud and misrepresentation."

If this is intended to be a motion for leave to file an amended complaint, it must be denied. *Criscione v. Sears, Roebuck & Co.* (1978), 66 Ill. App. 3d 664, 384 N.E.2d 91; *Krachock v. Department of Revenue*

(1949), 403 Ill. 148, 85 N.E.2d 682, *cert. denied* (1949), 338 U.S. 804, 94 L. Ed. 487, 70 S. Ct. 72.

Accordingly, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

HARTMAN and EGAN,* JJ., concur.

---

*Justice Egan participated in the decision of this case prior to his assignment to the sixth division.