FIFTH DIVISION

                                                    June 30, 2000

No. 1-99-2268

MARIO C. YU, Indiv. and on Behalf of All Others Similarly Situated, 

Plaintiff-Appellant,

v.

INTERNATIONAL BUSINESS MACHINES CORPORATION and MEDIC COMPUTER SYSTEMS, INC.,

Defendants-Appellees. 

)

)

)

)

)

)

)

)

)

)

)

)

Appeal from the

Circuit Court of

Cook County

Honorable

Thomas Hett,

Judge Presiding.

JUSTICE QUINN delivered the opinion of the court:

Plaintiff, Dr. Mario Yu, filed a class action complaint against defendants, International Business Machines Corporation and Medic Computer Systems, Incorporated, seeking to recover damages arising out of the sale of computer software that allegedly was not year 2000 (Y2K) compliant.  The trial court granted defendants' motion to dismiss plaintiff's complaint pursuant to sections 2-615 and 2-619 of the Code of Civil Procedure (735 ILCS 5/2-615, 2-619 
(West 1998)) and found the suit was rendered moot.  On appeal, plaintiff contends that the trial court erred in dismissing his complaint where he accepted defendant's upgrade of the computer system in order to mitigate damages.  For the following reasons, we affirm.

The following facts are pertinent to this appeal.  Plaintiff is a physician specializing in obstetrics and gynecology.  On  December 10, 1996, plaintiff purchased a bundled computer solution system (Medic system) from Medic Computer Systems, Inc. (Medic), and International Business Machines Corporation (IBM), which was to be used to schedule patients' appointments and to track their visits and treatments.  The record indicates that the Medic system software is to be used in conjunction with the IBM AIX operating system.  Plaintiff received the Medic system in 1997 at a total cost of $19,336.

On November 24, 1998, plaintiff received a letter dated November 13, 1998, from Medic regarding the Medic system.  The letter stated the following: "This letter serves as notification that after March 1999, Medic will no longer be able to support the 4.1 AIX operating system revision and we encourage you not to delay your upgrade."  The letter offered an upgrade from any AIX version 4.1 to version 4.3.1, which was allegedly Y2K ready, at a discount of 50% and added that the order had to be placed before December 31, 1998.    

On December 4, 1998, plaintiff received an order form from Medic for an upgrade of the AIX operating system.  The form listed the upgrade price as $2,410.  Vivien Yu, plaintiff's wife and office manager, averred that on December 16, 1998, she spoke with a technical and sales representative from Medic who informed her that the Medic system would not process dates after the twenty-

first century and would not allow twenty-first century dates to be entered into the computer.  She also averred that she was not informed that a "free fix" of the Y2K defect was available. 

On December 22, 1998, plaintiff filed a complaint in the United States District Court for the Northern District of Illinois.  On February 23, 1999, the federal district court dismissed plaintiff's complaint for failure to establish a sufficient amount in controversy for diversity jurisdiction.

On February 24, 1999, plaintiff filed a complaint in the circuit court of Cook County and alleged violations of the Illinois Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505/1 
et
 
seq
. (West 1998)) and The Illinois Uniform Deceptive Trade Practices Act (815 ILCS 510/1 
et
 
seq
. (West 1998)).  Plaintiff's complaint also sought compensatory damages for breach of express warranty and breach of implied warranty and fitness for a specific purpose.  Plaintiff stated in a footnote of the complaint that he was informed that an "alleged free fix" of the Y2K defect was available by downloading it from the internet or by receiving a CD ROM.  Robert Hanson, IBM program director of year 2000 customer services, averred that the Y2K free fix of the AIX operating system has been available for downloading on IBM's website since October 1997 and that the CD ROM containing the Y2K free fix could be obtained by contacting the customer's marketing representative, calling the IBM 1-800 number, or by mail and facsimile.  Plaintiff claimed that he did not have access to the internet and had not received the CD ROM.

Plaintiff's individual claim alleged that "[t]he failure or potential failure of the BUNDLED SOLUTION after December 31, 1999 creates a risk to all of his patients who are monitored as described in the preceding paragraphs."

Plaintiff's complaint also requested injunctive relief.  Plaintiff sought a mandatory order to require defendants to notify all members of the class of the Y2K defect and to correct the defect free of charge to class members and a provision that defendants be prohibited from failing to support or refusing to support plaintiff and the class members' existing software.  

In plaintiff's consumer fraud allegations, plaintiff alleged that defendants failed to disclose that the Medic system was not Y2K compliant and that "[d]efendant's [
sic
] failure to disclose, and their misrepresentations and/or concealment of the foregoing material facts may cause potential health care problems to patients of class members as well as result in financial harm to Plaintiff and other members of the Class."  Furthermore, plaintiff claimed that "[t]he unlawful, unfair or deceptive acts or practices of Defendants may directly and foreseeably cause damages and injuries to Plaintiff and the class members' practices and may cause yet untold damages to Plaintiff's and the putative class members' patients."  

Plaintiff filed a motion for preliminary injunction on March 5, 1999, and requested that defendants be required to notify all users of the software that there was a free upgrade available to cure Y2K compliancy problems.  Plaintiff also filed his motion for class certification on March 5, 1999. 

In a letter dated March 19, 1999, defendants sent a letter to plaintiff notifying him that they intended to send a letter to all Medic system owners that the upgrade was available at no charge to current customers and would be installed in the third quarter of 1999.  Plaintiff then filed an emergency motion for a protective order to stop defendants from sending this letter.  During the hearing on the protective order, plaintiff stated that he did not want to wait until the third quarter for the upgrade and demanded that Medic install the upgrade on his Medic system immediately.   The trial court denied plaintiff's motion and Medic mailed the letter to its customers between March 26, 1999, and March 31, 1999.   On March 30, 1999, with the knowledge and consent of his counsel, plaintiff received the free upgrade.  Plaintiff's counsel advised the court that plaintiff's experts had performed "various tests, forwarding the time clock in the computer to assure it would work after December 31, 1999," and had verified that the free upgrade worked properly.    

On May 11, 1999, defendants moved to dismiss plaintiff's class action complaint pursuant to section 2-615 of the Code of Civil Procedure.  Defendants argued that plaintiff's claims were moot because he received the free upgrade to his Medic system and therefore suffered no injury.  Defendants further argued that: (1) plaintiff's negligence claim was barred by the economic loss doctrine; (2) defendants' alleged misrepresentation was mere puffery; and (3) plaintiff failed to state any allegations against IBM.  Defendants also filed a motion to dismiss pursuant to section 2-619(a)(9) on the ground that there was no justiciable controversy because plaintiff knew that the free upgrade was available before he filed his complaint and that the free upgrade had been installed on plaintiff's computer. 

At the hearing on defendants' motion to dismiss, the court found that plaintiff failed to allege injury or damage and that his claims were only speculative.  The trial court denied plaintiff's motion for class certification and the motion for preliminary injunction.  The court then granted defendants' motion to dismiss.  Plaintiff's timely appealed followed.  

Plaintiff contends that the trial court erred in finding that his acceptance of the free upgrade rendered the class action suit moot.  Plaintiff argues that, due to the unique nature of the class action suit, unnamed class members continue to have an interest in the suit even after tender to the named plaintiffs of their individual claims.  Defendants maintain that the complaint was properly dismissed because, after plaintiff requested and accepted the free upgrade, his claims became moot.  Plaintiff responds that his acceptance of the free upgrade is irrelevant because he had a duty to mitigate damages.

We first note that the standard of review on appeal from a section 2-615 motion to dismiss is whether the allegations in the complaint, when viewed in the light most favorable to the plaintiff, sufficiently set forth a cause of action upon which relief may be
 
granted.  
Saunders v. Michigan Avenue National Bank
, 278 Ill. App. 3d 307, 310, 662 N.E.2d 602 (1996).  A ruling on a motion to dismiss does not require a court to weigh facts or determine credibility and therefore we review the complaint 
de
 
novo
.  
Vernon v. Schuster
, 179 Ill. 2d 338, 344, 688 N.E.2d 1172 (1997).  
A complaint should not be dismissed under section 2-615 unless it clearly appears that no set of facts could be proved under the pleadings that would entitle the plaintiff to relief.  
Illinois Graphics Co. v. Nickum
, 159 Ill. 2d 469, 488, 639 N.E.2d 1282 (1994). A motion to dismiss for failure to state a cause of action may be acted upon in a class action before determination of certification issues.  
Arriola v. Time Insurance Co.
, 296 Ill. App. 3d 303, 307, 694 N.E.2d 649 (1998). 

We next examine whether plaintiff's complaint contained sufficient allegations to maintain a cause of action against defendants.  We hold that nothing in plaintiff's complaint alleges actual injury or damages.  We also agree with defendants that plaintiffs' complaint fails to specifically allege a cause of action against defendant IBM.  Plaintiff's complaint alleges only that the Y2K defect in the Medic system may cause potential harm to his patients and to the patients of putative class members.  Failure to state sufficient facts to constitute a legally cognizable present injury or damage mandates dismissal of the action.  
Verb v. Motorola, Inc
., 284 Ill. App. 3d 460, 471, 672 N.E.2d 1287 (1996).  As plaintiff's claims of consumer fraud, deceptive trade practices and negligence require actual injury or damage, we hold that plaintiff's claims constitute conjecture and speculation.  Indeed, as defendants note, similar claims in other jurisdictions alleging computer failure in the year 2000 have been dismissed for failure to allege a present injury or damages.  See, 
e.g.
, Faegenburg v. Intuit, Inc., Nos. 602587/98, 603134/98, 402582/98 (N.Y. Sup. Ct. December 1, 1998) (complaint dismissed because plaintiffs had "not yet incurred any economic damages, and the anticipated defect had not yet manifested itself"); Against Gravity Apparel, Inc. v. Quarterback Corp., No. 603752/98 (N.Y. Sup. Ct. Apr. 4, 1999) (complaint dismissed because computer had not malfunctioned and plaintiff could not prove damages from a latent Y2K defect).  As plaintiff failed to allege that the Medic system actually malfunctioned and caused damages due to the Y2K defect, we hold that the trial court properly dismissed plaintiff's complaint under section 2-615.  In light of our disposition, we find it unnecessary to reach defendant's additional argument that plaintiff's complaint failed to comply with the Y2K Act (15 U.S.C.A. 6601 
et
. 
seq
. (West Supp. 2000)).

We now address whether the trial court erred in finding that under section 2-619(a)(9) of the Code of Civil Procedure, plaintiff's case was rendered moot due to accepting the free upgrade defendants offered.  A motion to dismiss under section 2-619 of the Illinois Code of Civil Procedure admits all well-pleaded facts, but does not admit either conclusions of law or conclusions of fact that are not supported by allegations of specific fact.  
Szczurek v. City of Park Ridge
, 97 Ill. App. 3d 649, 422 N.E.2d 907 (1981).   A defendant can defeat a plaintiff's cause of action by asserting, pursuant to section 2-619(a)(9), an "affirmative matter" that negates completely the plaintiff's cause of action or refutes crucial conclusions of law or conclusions of material fact that are not supported in the complaint by allegations of specific fact.  
Illinois Housing Development Authority v. Sjostrom & Sons, Inc.
, 105 Ill. App. 3d 247, 433 N.E.2d 1350 (1982).

Under the circumstances of this case, the trial court properly dismissed plaintiff's case as moot due to defendants' tender of the free upgrade to plaintiff.  An issue is moot if no actual controversy exists or where events occur that make it impossible for the court to grant effectual relief.  
Wheatley v. Board of Education of Township High School District 205
, 99 Ill. 2d 481, 485, 459 N.E.2d 1364 (1984).  In 
Wheatley
, the defendant dismissed 26 tenured and 33 nontenured teachers.  The plaintiffs filed a class action suit requesting a writ of 
mandamus
 directing the defendant to rescind its dismissals of the teachers.  Subsequently, the named plaintiffs accepted the defendant's offer of reemployment.  The defendant then filed a motion to dismiss the complaint and argued that the reemployment of the named plaintiffs, rendered the issues in the complaint moot.  The trial court found that the issues were moot and dismissed the complaint.  This court reversed, holding that the issues were not moot as to the tenured teachers who were not offered reemployment. 

Wheatley
, 99 Ill. 2d at 483-84. 

On appeal to the supreme court, the defendant contended that the action should be dismissed because the interests of the named plaintiffs were moot.  Our supreme court held that "[b]y virtue of accepting employment, they were granted the essential relief demanded.  Under these circumstances, it is clear that the interests of the named representative plaintiffs are moot because there is no longer a controversy between them and the Board."  
Wheatley
, 99 Ill. 2d at 485.

Here, plaintiff clearly demanded and accepted the free upgrade in March 1999.  Once defendants tendered the requested relief to plaintiff and his Medic system was Y2K compliant, there was no longer a case or controversy.  As in 
Wheatley
, once plaintiff accepted this remedy, plaintiff was no longer an appropriate representative of the interests of the class. "'If none of the named plaintiffs purporting to represent a class establishes the requisite of a case or controversy with the defendants, none may seek relief on behalf of himself or any other member of the class.'"  
Magnuson v. City of Hickory Hills
, 933 F.2d 562, 565 (7th Cir. 1991), quoting 
O'Shea v. Littleton
, 414 U.S. 488, 494, 38 L. Ed. 2d 674, 682, 94 S. Ct. 669, 675 (1974). 

Plaintiff urges us to find that defendants' tender of the free  upgrade to him as the named plaintiff is irrelevant to the mootness question and relies on 
Susman v. Lincoln American Corp
., 587 F.2d 866 (1978), for the proposition that a case does not become moot merely because a defendant tenders to the named plaintiff his or her individual damages.  See 
Susman
, 587 F.2d at 870.  As noted in the recent case of 
Hillenbrand v. Meyer Medical Group
, S.C., 308 Ill. App. 3d 381, 720 N.E.2d 287 (1999), "[t]o hold otherwise would allow a party to avoid ever defending a class action suit by simply tendering payment to the named plaintiffs, in each class action filed against it, prior to the trial court's ruling on their motion for class certification."  
Hillenbrand
, 308 Ill. App. 3d at 392.

In the instant case, we find that plaintiff's reliance on 
Susman
 is misplaced.  While it is true that, if a motion for class certification is pending at the time tender is made, the case is not moot, here, tender was made prior to plaintiff filing the motion for class certification.  Plaintiff filed his motion for class certification on March 5, 1999.  The record shows that plaintiff became aware of the free upgrade after filing the complaint, but before he filed his motion for class certification.  Indeed, although plaintiff argues that he was informed that he had to purchase the AIX operating system upgrade at a cost of $2,410, plaintiff's complaint reveals that he was aware that defendant IBM provided a free upgrade of its AIX operating system through the internet and CD ROM as early as December 1998.  Therefore, the tender of the free upgrade was made prior to the motion for class certification and we find that dismissal was appropriate.  Furthermore, as plaintiff was the sole representative of the class and no remaining class members have sought to substitute themselves as the named plaintiff, we hold that dismissal of the suit and the denial of the motion for class certification was proper.  Based on the foregoing reasons, the dismissal of plaintiff's class action complaint is affirmed.

Affirmed.

HARTMAN and GREIMAN, JJ., concur.