Docket No. 110092.

# IN THE
# SUPREME COURT
# OF
# THE STATE OF ILLINOIS

ANDREA BARBER, Appellee, v. AMERICAN AIRLINES, INC.,
Appellant.

*Opinion filed March 24, 2011.*

JUSTICE FREEMAN delivered the judgment of the court, with
opinion.

Justices Thomas, Garman, Karmeier, Burke, and Theis concurred
in the judgment and opinion.

Chief Justice Kilbride specially concurred, with opinion.

## OPINION

Plaintiff Andrea Barber filed a class action complaint against
defendant American Airlines for breach of contract. The circuit court
granted defendant's motion to dismiss, and plaintiff appealed. A
divided panel of the appellate court reversed and remanded. 398 Ill.
App. 3d 868. For the reasons set forth below, we reverse the
judgment of the appellate court.

## I. BACKGROUND

Plaintiff purchased a ticket to travel on defendant's flight 4414
from Chicago to White Plains, New York, on August 11, 2008. Prior

to boarding, plaintiff checked two suitcases for transport to White Plains and was charged a $40 checked baggage fee. Defendant subsequently canceled the flight. Plaintiff elected not to take another flight and instead requested cancellation of her ticket and a refund of the ticket price and the $40 baggage fee. Defendant refunded the price of the airline ticket, but allegedly refused to refund the $40 baggage fee. According to plaintiff's complaint, defendant's counter agent advised her it was not defendant's policy "to refund fees paid by ticket holders for transportation of luggage in conjunction with a passenger flight when that flight is canceled by Defendant and the passenger does not accept another flight."

On August 15, 2008, four days after her flight was cancelled, plaintiff filed her class action complaint against defendant in the circuit court of Cook County. There is no indication in the record that, prior to filing this complaint, plaintiff made any additional effort to contact defendant seeking a refund or to investigate whether the information allegedly provided by defendant's counter agent was accurate. Count I of plaintiff's complaint, which is for breach of contract, alleges defendant's "failure to transport her two suitcases was a breach of contract and Plaintiff was entitled to a refund." Count II, the class action count, seeks recovery on behalf of similarly situated persons. Plaintiff served defendant with the complaint on August 21, 2008.

Defendant subsequently determined that plaintiff was entitled to a refund of the $40 baggage fee. On September 4, two weeks after being served with the complaint, defendant contacted plaintiff's counsel and offered to refund the $40 fee. Defendant also stated it would consider paying the court costs plaintiff had incurred to date. Plaintiff's counsel declined the offer, and advised that the case would proceed as a class action. On September 25, defendant refunded the $40 fee to plaintiff's credit card, the original form of payment. By letter dated September 29, defendant's counsel informed plaintiff's counsel of the refund. On the same day, September 29, plaintiff sent defendant an interrogatory seeking the identity of other potential class members.

On October 30, 2008, defendant filed an objection to plaintiff's interrogatory. Defendant also moved to dismiss plaintiff's complaint pursuant to section 2–619 of the Code of Civil Procedure (735 ILCS 5/2–619(a)(9) (West 2006)), on the grounds that plaintiff's contract

claim was meritless and her complaint was moot because defendant had refunded the $40 fee to her. In an agreed order, the circuit court set a briefing schedule for defendant's motion to dismiss and entered and continued defendant's objection to plaintiff's interrogatory. On January 28, 2009, nearly three months after defendant's objection to the interrogatory, plaintiff moved to compel defendant to answer, requesting defendant be ordered to answer prior to the hearing on defendant's motion to dismiss. About one month later, on February 26, the circuit court denied the motion to compel and ordered the motion to dismiss to be heard on March 10 as scheduled.

On March 10, 2009, after reviewing the parties' briefs and hearing oral argument, the circuit court granted defendant's motion and dismissed the complaint on mootness grounds. Plaintiff never filed a motion for class certification.

On appeal, the appellate court majority reversed and remanded, concluding plaintiff's claim was not moot. 398 Ill. App. 3d 868. The dissent disagreed, relying on this court's decision in *Wheatley v. Board of Education of Township High School District 205*, 99 Ill. 2d 481 (1984). 398 Ill. App. 3d at 888 (Cahill, P.J., dissenting). We allowed defendant's petition for leave to appeal (Ill. S. Ct. R. 315 (eff. Feb. 26, 2010)) and allowed the Pacific Legal Foundation to file a brief *amicus curiae* in support of defendant (Ill. S. Ct. R. 345 (eff. Sept. 20, 2010)).


## II. ANALYSIS

Defendant argues the appellate court erred in reversing the dismissal of plaintiff's complaint. Defendant contends that under *Wheatley*, if a defendant tenders the named plaintiff the relief requested before a motion for class certification is filed, the underlying cause of action must be dismissed as moot. Here, defendant tendered the $40 baggage fee to plaintiff and refunded that amount to her credit card, and plaintiff never filed a motion for class certification. According to defendant, the circuit court correctly granted its section 2–619 motion to dismiss plaintiff's complaint as moot, and the appellate court's reversal was directly contrary to *Wheatley*.

Plaintiff counters that defendant's tender was an unfair attempt to "pick off" her claim in order to avoid a class action, and the appellate

court correctly rejected the attempt. In reaching its conclusion, the appellate court applied what it termed a "pick off" exception. Under this exception, a plaintiff who fails to move for class certification prior to a defendant's tender may nevertheless pursue class certification if the plaintiff has exercised reasonable diligence in that regard. Plaintiff argues she met the requirements of this exception, and the appellate court's judgment should be affirmed.

A motion to dismiss pursuant to section 2–619 admits the legal sufficiency of the plaintiff's complaint, but asserts an affirmative defense or other matter that avoids or defeats the plaintiff's claim. *DeLuna v. Burciaga*, 223 Ill. 2d 49, 59 (2006). A section 2–619 dismissal is reviewed *de novo. Parks v. Kownacki*, 193 Ill. 2d 164, 175 (2000).

## A. *Wheatley*

In *Wheatley*, this court applied mootness principles in the context of a class action. We note that the appellate court majority did not discuss *Wheatley*'s application to this case, although the dissenting justice did. In our view, *Wheatley* controls the resolution of this case, and therefore merits thorough discussion.

The plaintiffs in *Wheatley* were two teachers who had been dismissed by the defendant board of education at the end of the school year. The plaintiffs filed a class action complaint on behalf of themselves and 57 other teachers who had also been dismissed. Nearly one month after the complaint was filed, the two named plaintiffs accepted the board's offer of re-employment. The board moved to dismiss the complaint on mootness grounds, and the circuit court granted the motion.

This court affirmed, holding that the claims of the named plaintiffs became moot when the board granted the relief requested–reinstatement. *Wheatley*, 99 Ill. 2d at 485, 487. There was no longer a controversy between the named plaintiffs and the board. They could not meet the class action requirement that the named representative of a putative class have a valid claim against the defendant. The court stated:

> "Because the claims of the named representatives here have been resolved, they are not proper parties who would fairly

and adequately protect the interest of the class they purport to represent. Once a representative plaintiff is granted the desired relief, he is no longer a member of the class because his interests are not consistent with the interests of the other class members." *Wheatley*, 99 Ill. 2d at 486-87.

This court rejected any notion that the action should be allowed to continue because relief could still be granted for teachers who were not offered re-employment. The court explained that the plaintiffs "never moved for or received class certification prior to the trial court's granting of the Board's motion to dismiss." *Wheatley*, 99 Ill. 2d at 485-86. The court added that no remaining member of the class sought to substitute himself as a named representative. *Wheatley*, 99 Ill. 2d at 487.

*Wheatley* teaches that the important consideration in determining whether a named representative's claim is moot is whether that representative filed a motion for class certification prior to the time when the defendant made its tender. *Wheatley*, 99 Ill. 2d at 485-86; see, *e.g.*, *Cohen v. Compact Power Systems, LLC*, 382 Ill. App. 3d 104, 109-10 (2008). Where the named representative has done so, and the motion is thus pending at the time the tender is made, the case is not moot, and the circuit court should hear and decide the motion for class certification before deciding whether the case is mooted by the tender. *Hillenbrand v. Meyer Medical Group, S.C.*, 308 Ill. App. 3d 381, 392 (1999) (citing *Susman v. Lincoln American Corp.*, 587 F.2d 866, 870 (7th Cir. 1978)). The reason is that a motion for class certification, while pending, sufficiently brings the interests of the other class members before the court "so that the apparent conflict between their interests and those of the defendant will avoid a mootness artificially created by the defendant by making the named plaintiff whole." *Susman*, 587 F.2d at 869.

The situation is different where the tender is made *before* the filing of a motion for class certification. *Wheatley*, 99 Ill. 2d at 485-86. There, the interests of the other class members are not before the court (see *Greisz v. Household Bank (Illinois), N.A.*, 176 F.3d 1012, 1015 (7th Cir. 1999)), and the case may properly be dismissed. *Yu v. International Business Machines Corp.*, 314 Ill. App. 3d 892, 899 (2000) (stating, in affirming dismissal of suit as moot: "While it is true that, if a motion for class certification is pending at the time tender is

made, the case is not moot, here, tender was made prior to plaintiff filing the motion for class certification ***.”); see also *Arriola v. Time Insurance Co.*, 323 Ill. App. 3d 138, 151 (2001) (dismissing class action claims as moot, where defendant tendered relief and plaintiff never filed motion for class certification).

In the case at bar, it is undisputed that, at the time defendant tendered the baggage fee refund to plaintiff, no motion for class certification was pending. Plaintiff never filed a motion for class certification. Under *Wheatley*, therefore, her claim was moot, and the circuit court correctly dismissed it. Notwithstanding the foregoing, plaintiff urges us to adopt the “pick off” exception which the appellate court below employed in allowing plaintiff's claim to proceed.

### B. The “Pick Off” Exception to *Wheatley*

As the dissenting justice below correctly observed, this exception to *Wheatley* has gradually evolved in our appellate court. 398 Ill. App. 3d at 889 (Cahill, P.J., dissenting). The exception's origin can be traced to *Arriola*, where, as in the case at bar, the defendant tendered relief to the named plaintiff, who never filed a motion for class certification. *Arriola* relied on *Wheatley* in holding that a class action cannot be sustained if the defendant tenders full damages to the named plaintiff before the plaintiff moves for class certification. *Arriola*, 323 Ill. App. 3d at 151. The court then implied, in *dicta*, that if the named plaintiff had moved for class certification early in the litigation, the result could have been different. *Arriola*, 323 Ill. App. 3d at 151-52. The court quoted *Susman*: “ ‘If the class action device is to work, the courts must have a reasonable opportunity to consider and decide a motion for certification.’ ” *Arriola*, 323 Ill. App. 3d at 152 (quoting *Susman*, 587 F.2d at 870). *Arriola* interpreted this language as implicitly holding that a class action *plaintiff* must be given a “reasonable opportunity” to move for class certification before the case can be dismissed. *Arriola*, 323 Ill. App. 3d at 152. *Arriola* has since been cited for the proposition that a class action suit should not be dismissed where the defendant tendered full payment to the named plaintiff before the plaintiff had a “reasonable opportunity” to move for certification of the class. See *Gelb v. Air Con Refrigeration & Heating, Inc.*, 326 Ill. App. 3d 809, 821 (2001); *Bruemmer v. Compaq Computer Corp.*, 329 Ill. App. 3d 755, 763-64 (2002);

-6-

*Cohen v. Compact Power Systems, LLC*, 382 Ill. App. 3d 104, 110-14 (2008); *Akinyemi v. JP Morgan Chase Bank, N.A.*, 391 Ill. App. 3d 334, 340-42 (2009).

We agree with the dissenting justice that the exception to *Wheatley* developed through this line of cases "has no basis in the law." 398 Ill. App. 3d at 889 (Cahill, P.J., dissenting). *Susman* did not hold, as *Arriola* suggested, that a named plaintiff in a class action suit is entitled to a reasonable opportunity to move for class certification. The court in *Susman* was concerned with the *trial court's* opportunity to rule on class certification once a motion to dismiss has been filed. *Susman*, 587 F.2d at 870. The court's holding was limited "to the fairly narrow situation where a motion for certification has been pursued with reasonable diligence *and is pending when a tender is made*." (Emphasis added.) *Susman*, 587 F.2d at 871 n.4.

Plaintiff cites public policy concerns in allowing a defendant to prevent class action litigation by "picking off" the named plaintiff before there is an opportunity to protect the interests of absent class members by moving for certification. However, there is no prohibition against settlements with class members as long as the rights of nonsettling class members are not affected. *Jankousky v. Jewel Cos.*, 182 Ill. App. 3d 763, 767-68 (1989) (noting that public policy favors and encourages settlements). There is no indication here that defendant's refund to plaintiff affected the rights of others who did not receive similar refunds. Presumably, the remaining class members can either pursue class litigation or bring their claims individually. Indeed, this class action could have survived if one of the remaining class members had substituted himself as the named representative. See *Wheatley*, 99 Ill. 2d at 487.

In sum, the "pick off" exception applied by the appellate court below directly contradicts *Wheatley*, which upheld a dismissal for mootness where the named plaintiffs were granted the relief requested but never moved for class certification. We hereby reject this "pick off" exception.[1] The circuit court below correctly dismissed plaintiff's

---

[1]Under *Wheatley*, which we reaffirm, a named plaintiff who files a motion for class certification *prior to* a defendant's tender may avoid a mootness determination, at least until after the circuit court rules on the

-7-

class action claim as moot. See *Wheatley*, 99 Ill. 2d at 485-86. We reverse the judgment of the appellate court reversing that dismissal.

We note, in addition, that *Gelb*, on which the appellate court relied, is the only Illinois appellate decision we are aware of, other than the decision below, which specifically holds that a plaintiff's claim is not moot when a tender is made *before* the filing of a motion for class certification. *Gelb* directly contradicts *Wheatley*, and *Gelb* is hereby overruled.

While the ultimate holdings of *Arriola*, *Bruemmer*, *Cohen*, and *Akinyemi* are in conformity with *Wheatley*, each of these four appellate decisions contains language essentially acknowledging and recognizing the "pick off" exception expressly rejected above. This language is a clear departure from *Wheatley* and is therefore incorrect and should not be cited.

### III. CONCLUSION

For the foregoing reasons, the judgment of the appellate court is reversed.

Appellate court judgment reversed;
circuit court judgment affirmed.

CHIEF JUSTICE KILBRIDE, specially concurring:

The majority reverses the appellate court's judgment, concluding that the trial court correctly dismissed plaintiff's class action complaint as moot under *Wheatley* because no motion for class certification was pending when defendant tendered full relief to plaintiff, the named class representative. Slip op. at 6. While I agree with that outcome, I write separately to recognize authority supporting the pick-off exception and state expressly what the majority's holding implies.

The United States Supreme Court, the Seventh Circuit Court of Appeals, and our own appellate court have all criticized the practice

―――――――――――

motion for class certification.

of a defendant "picking off" the named plaintiff in a class action through tender of relief prior to class certification in an attempt to defeat the action. See *Deposit Guaranty National Bank of Jackson, Mississippi v. Roper*, 445 U.S. 326, 339 (1980) (explaining that the practice "frustrate[s] the objectives of class actions," and has the potential to waste judicial resources); *Susman v. Lincoln American Corp.*, 587 F.2d 866, 870 (7th Cir. 1978) ("If a tender made to the individual plaintiff while the motion for certification is pending could prevent the courts from ever reaching the class action issues, [the] opportunity [for a court to consider class certification] is at the mercy of a defendant, even in cases where a class action would be most clearly appropriate."); *Hillenbrand v. Meyer Medical Group, S.C.*, 308 Ill. App. 3d 381, 392 (1999) (refusing to "allow a party to avoid ever defending a class action suit by simply tendering payment to the named plaintiffs, in each class action filed against it, prior to the trial court's ruling on their motion for class certification").

The pick-off exception was developed to address those objectives. The majority fails to acknowledge the justification for the exception, presumably because there is no evidence of an improper "pick off" here. Although I agree with the majority that the appellate court erroneously expanded the exception in *Arriola* and subsequent decisions to apply when no motion for class certification is pending at the time of the tender, the majority nonetheless adopts an approach consistent with the exception's underlying justification. Specifically, the majority hinges its analysis on the filing of a motion for certification, explaining that "*Wheatley* teaches that the important consideration in determining whether a named representative's claim is moot is whether that representative filed a motion for class certification prior to the time when the defendant made its tender." Slip op. at 5. In other words, any mootness issue should not be considered until the trial court has had the opportunity to rule on a pending class certification motion, regardless of the tender of full relief to the named plaintiff that would ordinarily render a case moot.

In my opinion, the majority, by rejecting *only* the erroneously broad application of the pick-off exception applied in this case (slip op. at 7-8), has implicitly endorsed a narrower pick-off exception. As the majority instructs, when a motion for certification is pending at the time of tender of full relief, the trial court should not consider the

mootness issue until after it has ruled on the motion for certification. Slip op. at 5. Simply stated, the majority's holding means that the pick-off exception survives but is limited to circumstances when a motion for certification has been filed, or is otherwise pending, prior to the tender of relief. When that occurs, as the majority also concludes, the trial court should rule on the plaintiff's pending motion for class certification before ruling on the defendant's motion challenging the case on mootness grounds. See also *Hillenbrand*, 308 Ill. App. 3d at 392 (explaining the procedures for a trial court to follow when ruling on a pending motion for class certification).

This approach honors the rationale recognized by the courts in *Roper*, *Susman*, and *Hillenbrand* and is entirely consistent with this court's decision in *Wheatley*. Here, because no motion for class certification had been filed when defendant refunded plaintiff the contested baggage fee, the exception does not apply and the trial court properly ruled in favor of defendant's motion to dismiss. Accordingly, I concur with the majority's conclusion that the appellate court's judgment overruling the trial court must be reversed.