2021 IL App (2d) 200512-U
No. 2-20-0512
Order filed September 16, 2021

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(l).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| MARSHAL P. MORRIS, | ) | Appeal from the Circuit Court |
| | ) | of Lake County. |
| Plaintiff-Appellant, | ) | |
| | ) | |
| | ) | |
| v. | ) | No. 16-CH-390 |
| | ) | |
| ERIN CARTWRIGHT WEINSTEIN, | ) | |
| as Clerk of the Circuit of Lake County, | ) | |
| Illinois, DAVID STOLMAN, as | ) | |
| Treasurer of Lake County, and | ) | |
| LAKE COUNTY, ILLINOIS, a Body | ) | |
| Politic and Corporate, | ) | Honorable |
| | ) | Daniel L. Jasica, |
| Defendants-Appellees. | ) | Judge, Presiding. |

JUSTICE HUTCHINSON delivered the judgment of the court.
Presiding Justice Bridges and Justice McLaren concurred in the judgment.

**ORDER**

¶ 1   *Held*:   The circuit court did not abuse its discretion in denying plaintiff's motion for class certification and did not err in determining that defendants' tender mooted plaintiff's individual claims.

¶ 2   Plaintiff, Marshal P. Morris, filed a putative class action complaint against Erin Cartwright Weinstein, in her official capacity as Lake County Clerk of the Circuit Court; David Stolman, as Lake County Treasurer; and Lake County, Illinois, (collectively, defendants) alleging that a filing

fee had been collected in violation of section 27.2(g) of the Clerks of Courts Act (Act). 705 ILCS 105/27.2(g) (West 2016). After denying plaintiff's motion for class certification, the circuit court granted defendants' motion to dismiss the complaint as moot. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4      On March 3, 2016, plaintiff filed a motion to reconsider a non-final order in a mortgage foreclosure case in which he was a defendant (Lake County Circuit Court Case No. 12 CH 523). The clerk charged a $50 fee to file the motion. On March 11, 2016, plaintiff filed a putative class action complaint alleging that the clerk routinely charged a filing fee for motions to reconsider, vacate, or modify interlocutory orders, in violation of section 27.2(g) of the Act, which only authorizes the collection of filing fees for petitions to vacate or modify "any final judgment or order" of the court. See 705 ILCS 105/27.2(g)(1), (2) (West 2016). In the complaint, plaintiff defined the class as:

> "Any and all individuals or entities from 2011 through the date of final judgment herein that paid a fee pursuant to 705 ILCS 105/27.2(g) for the filing of a motion to vacate and/or petition to reconsider, vacate or modify an interlocutory order in the Circuit Court of Lake County, Illinois."

¶ 5      The case remained pending for the next three years. On April 30, 2019, plaintiff filed a memorandum in support of his motion for class certification. On August 6, 2019, after it heard oral arguments on plaintiff's motion, the circuit court denied certification, stating that "plaintiff [had] not met his burden of establishing commonality and predominance for the proposed class," and that it "[could] not conclude that the plaintiff has met his substantial burden to establish he would be an adequate representative of the entire class he proposes to represent."

¶ 6      Immediately after the court stated that it was denying the motion for class certification, defense counsel stated for the record:

> "[W]e offer to the plaintiff in open court satisfaction of the claims that relate to him which include the motion to vacate fees he filed of $50 each in 12 CH 523 and the filing fee incurred by him in the instant case of $282 in 16 CH 390. We tender these in open court to the plaintiff. (Tenders documents to [plaintiff's counsel].)"

Plaintiff's attorney later left the courtroom with the written order denying class certification, as well as the sealed envelope that had been tendered during the proceedings.

¶ 7      Subsequently, plaintiff filed a motion to reconsider the order denying class certification as well as what he titled an "amended" motion for class certification. The circuit court denied the motion to reconsider. In a memorandum order dated March 10, 2020, the court denied the amended motion for class certification, finding that the tender made in court mooted plaintiff's individual claims. In the order, the court noted that, because the original motion for class certification had already been denied and no motion for class certification was pending at the time, the court considered the "amended" motion to be a "successive" or "second" motion for class certification. Further, the order stated that the court never expressly granted plaintiff leave to file the second motion.

¶ 8      Defendants then filed a motion to dismiss pursuant to section 2-619 of the Code of Civil Procedure (Code), alleging the case was moot. In an order dated August 13, 2020, the court granted defendants' motion, dismissing the case with prejudice based on the reasoning in its March 2020 memorandum order. The court also denied, on the basis of mootness, plaintiff's motion seeking leave to amend the complaint and plaintiff's third motion for class certification. Plaintiff timely appealed.

¶ 9                                    II. ANALYSIS

¶ 10     Plaintiff raises two issues on appeal: (1) whether the circuit court abused its discretion in denying plaintiff's initial motion for class certification, and (2) whether the circuit court erred in concluding that defendants' tender mooted the case. In response, defendants argue (1) that the circuit court did not abuse its discretion in denying plaintiff's motion for class certification, and (2) that the tender rendered the case moot. We agree with defendants.

¶ 11     We turn first to plaintiff's contention that the circuit court abused its discretion in denying the motion for class certification. Under section 2-801 of the Code,

> "[a]n action may be maintained as a class action in any court of this State and a
> party may sue or be sued as a representative party of the class only if the court finds:
>
> (1) ["Numerosity."] The class is so numerous that joinder of all members is
> impracticable.
>
> (2) ["Commonality."] There are questions of fact or law common to the
> class, which common questions predominate over any questions affecting only
> individual members.
>
> (3) ["Adequacy."] The representative parties will fairly and adequately
> protect the interest of the class.
>
> (4) ["Appropriateness."] The class action is an appropriate method for the
> fair and efficient adjudication of the controversy." 735 ILCS 5/2-801 (West 2020).

The plaintiff bears the burden of establishing all four of these prerequisites. *Cruz v. Unilock Chicago*, 383 Ill. App. 3d 752, 761 (2008). The circuit court's decision as to certification of a class falls within its own discretion, and its decision will not be reversed on appeal unless the court abused its discretion or applied impermissible legal criteria. *Id.* at 773. In an instance where the

circuit court has denied class certification, a reviewing court may reverse the decision only if it determines that "no other reasonable conclusion could be reached but that a class action would be appropriate." (Internal quotation marks omitted.) *Id.* (quoting *Health Cost Controls v. Sevilla*, 365 Ill. App. 3d. 795, 805 (2006)).

¶ 12    At issue here are the second and third prerequisites: commonality and adequacy. As to commonality, plaintiff asserts that, because the circuit court found numerosity had been established, commonality had likewise been established. Plaintiff states,

> "The Clerk admitted and the court agreed, that the Clerk had charged a fee
> to litigants to file motions to vacate, reconsider, or modify non-final orders in at
> least 900 instances. *** Therefore, the court clearly abused its discretion, because
> the Clerk's admitted actions answer the common question – whether the Clerk
> violated the Act by charging fees to file motions seeking to vacate, reconsider, or
> modify non-final orders."

Plaintiff's assertion oversimplifies the requirements of commonality.

¶ 13    To satisfy commonality, a plaintiff must establish that common questions of law or fact predominate over questions specific to individual class members. 735 ILCS 5/2-801(2) West 2020. The purpose of this prerequisite "is to ensure that the proposed class is sufficiently cohesive to warrant adjudication by representation." *Smith v. Illinois Cent. R.R. Co.*, 223 Ill. 2d 441, 448 (2006). Further, "[t]he test for predominance is not whether the common issues outnumber the individual ones, but whether common or individual issues will be the object of most of the efforts of the litigants and the court." *Id.* at 448-49. In other words, the plaintiff "must show that favorable adjudication of the claims of the named plaintiffs *will* establish a right of recovery in other class members." (Emphasis added.) *Cruz*, 383 Ill. App. 3d at 773.

¶ 14    Here, the record shows that the circuit court regarded the list of 900 instances where defendants had charged a fee as a list of *potential* class members, which the court determined to be sufficient to satisfy the numerosity requirement. The court made the numerosity determination without agreeing that defendants had charged a fee for "motions to vacate, reconsider, or modify non-final orders in at least 900 instances." Rather, the court noted that "the list may not be exact or entirely correct because [defendants] did not go back and look at each individual underlying file."

¶ 15    In its analysis of commonality, the circuit court determined that plaintiff's proposed class was not sufficiently cohesive because each class member's claim would have to be individually reviewed to ascertain "whether an order that is the subject of a motion to vacate, modify, or reconsider was or was not a final order." The court went on to state that:

> "Substantive issues that will control the outcome are identifying, notwithstanding the title that might have been ascribed to any motion filed, the true nature of the motion filed that [led] to the clerk-assessed fee, the timing of that motion, and how and whether Section 27.2(g) was properly applied to motions to reconsider, motions to modify, and to the various possible permutations of motions to vacate.
>
> The proposed class includes parties that filed motions to vacate, some presumably within 30 days, some after 30 days; motions to reconsider non-final orders such as plaintiff's motion; and motions to modify prior court orders. It also presumably includes defendants who filed motions to vacate dismissals without prejudice, which may or may not be final orders depending on when they were filed and the applicable statute of limitations.
>
> The proposed class would also include motions to vacate previously entered

judgments of foreclosure in mortgage foreclosure cases such as the plaintiff's, which the Second District Appellate Court has recently suggested are somewhat unique and may or may not warrant the imposition of a filing fee under Section 27.2(g).

The proposed class definition assumes or presumes that the orders challenged were all interlocutory, but this threshold issue will be contested and will need to be litigated. Different legal arguments apply in at least some of these different identified factual scenarios."

In short, the court determined that individual issues would be the object of most of the efforts of the litigants and the court. We agree with the court's analysis as favorable adjudication of plaintiff's claims would not have established a right to recovery for all or even many other class members. Accordingly, the circuit court reasonably concluded that plaintiff failed to establish commonality.

¶ 16 Because a class cannot be certified when a plaintiff fails to satisfy any one of the prerequisites, our analysis could end here. However, we turn next to the third prerequisite, which requires plaintiff to establish that he would fairly and adequately protect the interest of the class. Regarding adequacy, plaintiff simply states in his brief that he and the proposed class members "share an interest in the fact that the Clerk violated the Act by charging the improper filing fees." Plaintiff argues that, based on this shared interest, the circuit court should have found that adequacy had been satisfied. Again, plaintiff oversimplifies the prerequisite.

¶ 17 To satisfy the adequacy prerequisite, a plaintiff must establish that the named representative will fairly and adequately protect the interest of the class. 735 ILCS 5/2-801(3) (West 2020). This prerequisite is meant "to ensure that all class members will receive proper, efficient, and appropriate protection of their interests in the presentation of the claim." *P.J.'s*

*Concrete Pumping Service, Inc. v. Nextel West Corp.,* 345 Ill. App. 3d 992, 1004 (2004). In analyzing adequacy, a circuit court may consider "the extent to which the class's interests and those of existing parties converge or diverge, the commonality of legal and factual positions, the practical abilities of existing parties in terms of resources and expertise, and the vigor with which existing parties represent the class's interests." *Walczak v. Onyx Acceptance Corp.*, 365 Ill. App. 3d 664, 678 (2006).

¶ 18    Addressing adequacy, the circuit court stated that plaintiff merely asserted his interests were coextensive with the proposed class while "offer[ing] nothing in support of this conclusion." The court noted that plaintiff would not be an appropriate representative for members of the class who "would appear to have unique and different legal arguments in advancing their claims," such as those who paid a fee when filing a motion to vacate a judgment of foreclosure, because "[p]laintiff would have no particular interest or incentive to litigate those issues as he would not be bound by or affected by the outcome." The court concluded that plaintiff had failed to establish the adequacy prerequisite.

¶ 19    On appeal, plaintiff again asserts that adequacy is satisfied because he and the class members share a common interest, and he argues that the circuit court abused its discretion by finding otherwise. However, in considering adequacy, a court may consider whether the parties' legal and factual positions converge or diverge. See *Walczak*, 365 Ill. App. 3d at 678. Here, because the legal positions of the proposed class are divergent, the court reasonably concluded that plaintiff failed to establish adequacy.

¶ 20    Ultimately, we cannot say that the circuit court's denial of class certification was unreasonable, as the record demonstrates that plaintiff failed to establish all for prerequisites for

establishing a class. Therefore, the court did not abuse its discretion in denying plaintiff's motion for class certification.

¶ 21    Plaintiff's second contention is the circuit court erred in granting defendants' motion to dismiss pursuant to section 2-619 of the Code, where defendants argued plaintiff's claims were mooted by the tender. A motion to dismiss under section 2-619 of the Code admits the legal sufficiency of the pleading but asserts an affirmative defense or other matter that avoids or defeats the claim. *Barber v. American Airlines, Inc.*, 241 Ill. 2d 450, 455 (2011). Section 2-619(a)(9) allows the involuntary dismissal of an action if "the claim asserted against defendant is barred by [an] affirmative matter avoiding the legal effect of or defeating the claim." 735 ILCS 5/2-619(a)(9) (West 2020). On appeal, an order granting a section 2-619 motion to dismiss is reviewed *de novo*. *Lawler v. University of Chicago Medical Center*, 2017 IL 120745, ¶ 11.

¶ 22    Plaintiff asserts that the tender was invalid for various reasons: that the tender consisted of checks rather than cash; that plaintiff "rejected" the tender by later returning the envelope to defendants without opening it; that the tender did not provide the relief requested by plaintiff because his complaint requested relief for the class; and that defense counsel's statement in court as to the contents of the envelope was not sufficient evidence of its contents because the statement was not made under oath or supported by an affidavit. In the alternative, plaintiff argues that a tender can moot a plaintiff's individual claims if, and only if, the tender is made before the plaintiff files a motion for class certification. For the reasons below, we disagree with plaintiff.

¶ 23    Under Illinois law, a case becomes moot when a defendant tenders the essential relief demanded by the plaintiff. *Alderson v. Weinstein*, 2018 IL App (2d) 170498, ¶ 10. Further, "Illinois law draws no distinction between an accepted offer of tender and an unaccepted offer of tender." *Id.* ¶ 8. In a putative class action, a defendant's tender cannot moot the named representative's

claim while a motion for class certification is pending. *Barber v. American Airlines, Inc.*, 241 Ill. 2d 450, 456 (2011). Where a defendant makes a tender while a motion for class certification is pending, "the circuit court should hear and decide the motion for class certification before deciding whether the case is mooted by the tender." *Id.* at 456-57. The rationale for this rule is that, while a motion for class certification is pending, the interests of all the class members are before the court, and their claims cannot be mooted even if the defendant makes the named plaintiff whole. *Id.* at 457. When a motion for class certification is *not* pending, however, the interests of the other class members are *not* before the court. *Id.* Accordingly, once the plaintiff's claims have been mooted by tender, a live controversy no longer exists. *Joiner v. SVM Mgmt., LLC*, 2020 IL 124671, ¶ 46; *Wheatley v. Board of Educ. of Township High School Dist. 205*, 99 Ill. 2d 481, 486 (1984).

¶ 24    Here, the circuit court denied plaintiff's motion for class certification on August 6, 2019. Immediately after the court denied the motion, defendants tendered in open court the disputed $50 filing fee along with an additional $282 to cover the filing fee in the putative class action. In its March 2020 memorandum order, the circuit court ruled that plaintiff's only viable claims had been rendered moot by that tender.

¶ 25    Plaintiff argues that defendants' tender was not valid. However, the facts of this tender align closely with the tender that mooted the plaintiffs' claims in *Alderson v. Weinstein*, 2018 IL App. (2d) 170498. There, the plaintiffs filed a complaint against the clerk of the circuit court after the clerk charged a $50 fee for filing a motion to vacate a non-final order. *Id.* ¶¶ 3-4. After the complaint was filed, but before plaintiff's filed a motion for class certification, the clerk issued a check for the disputed $50 fee and a check to refund the filing fee for the subsequent lawsuit. *Id.* ¶¶ 5-6. On appeal, this court held that the refund of the $50 filing fee provided the plaintiff with the essential relief they demanded. *Id.* ¶¶ 10-11. Further, after noting that Illinois law does not

draw a distinction between an accepted offer of tender and an unaccepted offer of tender, we held that, for the purpose of evaluating mootness, it did not matter that the plaintiffs argued that they had not accepted the tender. *Id.* ¶ 8.

¶ 26    In the case at bar, unlike in *Alderson*, the motion for class certification was filed—and denied—before defendants tendered the refund checks. Plaintiff asserts that his claim cannot be mooted because the tender occurred after his motion for class certification had been filed; however, this assertion is not supported by the current state of the law. In Illinois, the key issue is whether the interests of the class are before the court when the court considers the question of mootness. See *Barber*, 241 Ill. 2d at 457. Here, the circuit court denied the motion for class certification before determining that the tender mooted the plaintiff's individual claims. This comports with the process outlined by our supreme court in *Barber*: that a circuit court should rule on the motion for class certification before considering whether the plaintiff's individual claims would be mooted by the tender. *Id.* at 456-57 (citing *Hillenbrand v. Meyer Medical Group, S.C.*, 308 Ill. App. 3d 381, 392 (1999) (holding that the circuit court "was obligated to rule on the pending motion for class certification before considering the effect of tender on the named plaintiffs' individual claims")).

¶ 27    As for plaintiff's remaining arguments about the sufficiency of defendants' tender, we note that defendants' counsel's representations were made in open court, on the record. In *Joiner*, our supreme court accepted counsel's statements at oral argument that he brought the check the defendants had attempted to tender, as sufficient evidence of tender. *Id.*, 2020 IL 124671, ¶ 55 (citing *Gorham v. Farson*, 119 Ill. 425, 443 (1887)). We see no reason why the circuit court could not similarly credit counsel's statements here. Accordingly, we agree with the circuit court that

defendants' tender mooted plaintiff's complaint and we affirm the court's order granting defendants' motion to dismiss.

¶ 28                                    III. CONCLUSION

¶ 29     For the reasons stated, we affirm the judgment of the circuit court of Lake County denying plaintiff's motion for class certification and dismissing the complaint as moot.

¶ 30     Affirmed.