**2015 IL 118644**

# IN THE

# SUPREME COURT

# OF

# THE STATE OF ILLINOIS

_____

(Docket No. 118644)

BALLARD RN CENTER, INC., Appellant, v. KOHLL'S PHARMACY AND HOMECARE, INC., Appellee.

*Opinion filed October 22, 2015.*

JUSTICE KILBRIDE delivered the judgment of the court, with opinion.

Chief Justice Garman and Justices Freeman, Thomas, Karmeier, Burke, and Theis concurred in the judgment and opinion.

**OPINION**

¶ 1     This appeal involves our decision in *Barber v. American Airlines, Inc.*, 241 Ill. 2d 450 (2011), holding that a class action may be dismissed as moot when the defendant tenders relief to the named plaintiff prior to the filing of a motion for class certification. Specifically, we are asked to decide whether *Barber* requires any sort of threshold evidentiary or factual basis for the motion for class certification, and whether *Barber* permits a "partial" tender on a single count of a multicount class action complaint to render that single count moot.

¶ 2     In this case, plaintiff concurrently filed a three-count "junk fax" class action complaint and a motion for class certification prior to defendant's tender of relief

on one of the counts. Rejecting defendant's interpretation of *Barber* on the sufficiency of plaintiff's class certification motion, the circuit court certified the class on all three counts of plaintiff's complaint. On interlocutory appeal, the appellate court affirmed class certification on two of the counts but reversed certification on the single count that defendant tendered relief. 2014 IL App (1st) 131543, ¶ 64.

¶ 3        For the following reasons, we reverse in part and affirm in part the appellate court's judgment.

¶ 4                                    BACKGROUND

¶ 5        On April 20, 2010, plaintiff, Ballard RN Center, Inc., filed a three-count class action complaint in the circuit court of Cook County, alleging that on March 3, 2010, defendant, Kohll's Pharmacy & Homecare, Inc., sent plaintiff an unsolicited fax advertisement. The complaint alleged that defendant's conduct: (1) violated the Telephone Consumer Protection Act of 1991 (Protection Act) (47 U.S.C. § 227 (2006)) (count I); (2) violated the Consumer Fraud and Deceptive Business Practices Act (Fraud Act) (815 ILCS 505/2 (West 2010)) (count II); and (3) constituted common-law conversion of plaintiff's ink or toner and paper (count III). Each of the three counts included class allegations indicating that plaintiff was filing the action on behalf of a class estimated at over 40 individuals. The complaint sought actual damages, statutory damages, injunctive relief, and attorney fees.

¶ 6        The complaint specifically alleged that plaintiff did not have a prior business relationship with defendant and plaintiff did not authorize defendant to send fax advertisements to plaintiff. The complaint further alleged that defendant's fax advertisement did not provide the requisite "opt out notice" required by the Protection Act when faxes are sent with consent or pursuant to an established business relationship. The complaint asserted, on information and belief, that the fax was part of a "mass broadcasting of faxes" and defendant transmitted similar unsolicited fax advertisements to at least 40 other persons in Illinois.

¶ 7        Plaintiff attached a copy of the one-page fax advertisement to its complaint. The fax advertises defendant's "Corporate Flu Shots" and provides estimates of the costs associated with employees missing work because of illness. It also provides a toll-free contact number for a "free quote" and an associated website. At the bottom

of the fax, under the heading "Removal From List Request," it advises that "[i]f you have received this information in error or if you are requesting that transmissions cease in the future, please notify the sender to be removed as the recipient of future transmissions." The instructions provide two contact telephone numbers and an email address for removal requests.

¶ 8 Concurrent with its filing of the complaint on April 20, 2010, plaintiff also filed a motion for class certification pursuant to section 2-801 of the Code of Civil Procedure (Code) (735 ILCS 5/2-801 *et seq.* (West 2010)). Referencing the description in plaintiff's class action complaint, the motion sought certification of the following classes:

"All persons and entities with facsimile numbers (1) who, on or after April 20, 2006, or such shorter period during which faxes were sent by or on behalf of defendant Kohll's Pharmacy & HomeCare, Inc., (2) were sent faxes by or on behalf of defendant Kohll's Pharmacy & HomeCare, Inc., promoting its goods or services for sale (3) and who were not provided an 'opt out' notice that complies with federal law. (Count I)

All persons and entities with Illinois fax numbers (1) who, on or after April 20, 2007, or such shorter period during which faxes were sent by or on behalf of defendant Kohll's Pharmacy & HomeCare, Inc., (2) were sent faxes by or on behalf of defendant Kohll's Pharmacy & HomeCare, Inc., promoting its goods or services for sale (3) and who were not provided an 'opt out' notice that complies with federal law. (Count II)

All persons and entities with Illinois fax numbers (1) who, on or after April 20, 2005, or such shorter period during which faxes were sent by or on behalf of defendant Kohll's Pharmacy & HomeCare, Inc., (2) were sent faxes by or on behalf of defendant Kohll's Pharmacy & HomeCare, Inc., promoting its goods or services for sale (3) and who were not provided an 'opt out' notice that complies with federal law. (Count III)."

¶ 9 Plaintiff's class certification motion further asserted that "[s]everal courts have certified class actions under the [Protection Act]," and cited as examples a number of decisions from state and federal courts in Illinois and other states. The motion provided that plaintiff would file a supporting memorandum of law "in due course."

¶ 10        On June 28, 2012, defendant filed a motion seeking summary judgment solely on count I of plaintiff's complaint that sought recovery under the federal Protection Act. In its motion, defendant alleged that on three separate occasions defendant tendered plaintiff an unconditional offer of payment exceeding the total recoverable Protection Act damages. Plaintiff, however, rejected all three tenders. Defendant further alleged that plaintiff did not file a motion for class certification despite the case being open for "over two years." Citing this court's decision in *Barber*, defendant argued that plaintiff's Protection Act claim in count I of its complaint was rendered moot by the three tenders because this court held that a class action is moot when a defendant offers tender before the plaintiff files a motion for class certification.

¶ 11        Defendant attached to its motion for summary judgment three letters that it mailed to plaintiff offering tender of relief. The first, dated June 29, 2011, included a check for $1,600; the second, dated June 5, 2012, included a check for $1,500; the third, dated June 28, 2012, included a check for $2,500. Plaintiff rejected all three offers and returned the checks.

¶ 12        On September 7, 2012, plaintiff filed a response to defendant's motion for summary judgment. Contrary to defendant's contention, plaintiff argued that its action was not moot under *Barber* because plaintiff timely filed a motion for class certification concurrently with its class action complaint on April 20, 2010. Plaintiff further argued that defendant tendered relief only on count I of plaintiff's three-count complaint and, thus, did not offer the complete relief required to moot the action.

¶ 13        Regarding defendant's observation that plaintiff's action was pending for over two years, plaintiff contended that it "diligently pursued the discovery necessary to present the Court with briefing on the class certification issue," and that "[a]ny delay in proceeding on class certification is a direct result of [d]efendant's obfuscation of discovery in this case." Plaintiff noted that it filed two motions to compel discovery, a motion to compel inspection to identify relevant third parties and potential class members, and also propounded discovery on third parties. Plaintiff indicated that it engaged in efforts to enforce discovery through March 2012.

¶ 14        On October 9, 2012, defendant filed a reply in support of its motion for summary judgment. Citing *Barber*, defendant argued that summary judgment in its

favor on count I was proper because defendant tendered full damages on the Protection Act claims in count I and "no appropriate or even complete motion for class certification is pending." Defendant contended that "the linchpin of [plaintiff's] entire argument is an incomplete motion that has not been pursued for over two years." Alternatively, defendant asserted that plaintiff's motion for class certification should be denied as insufficient under section 2-801 of the Code (735 ILCS 5/2-801 *et seq.* (West 2010)).

¶ 15    On November 19, 2012, plaintiff filed an amended motion for class certification, seeking to certify a class of "(a) all parties (b) who, on or about March 3, 2010, (c) were sent advertising faxes by defendant and (d) with respect to whom defendant cannot provide evidence of consent or a prior business relationship." Plaintiff asserted that its action satisfied the prerequisites for a class action under section 2-801 of the Code. Specifically, plaintiff contended that its action satisfied the numerosity requirement because discovery revealed that defendant contracted with third parties to purchase over 4,700 fax numbers and send blast fax advertisements to those numbers. Ultimately, 4,142 faxes were successfully transmitted by a third party on defendant's behalf. Plaintiff noted that defendant did not present any evidence that any of the faxes were sent to recipients that consented to receipt of advertisements or otherwise had a prior business relationship with defendant.

¶ 16    Plaintiff further asserted that questions of law and fact common to the class predominated over any questions affecting only individual members, including: (1) whether defendant engaged in a pattern of sending unsolicited fax advertisements; (2) whether defendant thereby violated the federal Protection Act; (3) whether defendant thereby converted plaintiffs' toner and paper; and (4) whether defendant thereby engaged in unfair and deceptive acts and practices in violation of the Fraud Act. Plaintiff also asserted that it would fairly and adequately protect the interests of the class and that a class action is an appropriate method for the fair and efficient adjudication of the controversy.

¶ 17    On November 29, 2012, the circuit court denied defendant's motion for summary judgment on count I of plaintiff's complaint. The court reasoned that defendant did not offer tender on count I before plaintiff filed its motion for class certification and, therefore, the claim was not moot under *Barber*. Disagreeing with defendant's argument that plaintiff's motion for class certification was merely a

"shell" motion, the circuit court concluded that "*Barber* requires only that a motion for class certification be filed. It does not require that it meet any certain standard."

¶ 18       On March 14, 2013, defendant filed a response in opposition to plaintiff's motion for class certification, arguing that plaintiff's motion should be denied because plaintiff failed to establish that a class action should proceed under section 2-801 of the Code. Specifically, defendant argued that unresolved questions of fact existed that were unique to each potential class member, including whether: (1) defendant had existing business relationships with any of the unnamed plaintiffs; (2) defendant performed acts rising to the standards of conversion regarding the ink and toner paper; and (3) plaintiff adequately represented the class. Defendant further argued that class certification was inappropriate on the Protection Act claims when only one plaintiff had come forward and over three years had elapsed since the alleged transmission of the fax advertisement.

¶ 19       On April 15, 2013, the circuit court granted plaintiff's amended motion for class certification. The court found that numerosity was satisfied because over 4,000 fax advertisements were sent and that common class questions predominated because defendant was alleged to have acted wrongly in the same general way to all class members. The court also found that plaintiff was an adequate class representative and that a class action was an appropriate method for resolution of the claims. Defendant appealed.

¶ 20       On interlocutory appeal, the appellate court affirmed the circuit court's order certifying the class on counts II and III but reversed the court's class certification on count I. 2014 IL App (1st) 131543, ¶ 64. The appellate court agreed with defendant's contention that plaintiff's initial motion for class certification, filed concurrently with its class action complaint, was a "shell" motion that was insufficient under our decision in *Barber*. 2014 IL App (1st) 131543, ¶ 60.

¶ 21       While acknowledging that *Barber* did not expressly set forth requirements for a valid motion for class certification, the appellate court nonetheless concluded that "implicit" in *Barber* was a requirement that "a motion must contain sufficient factual allegations so that it does, in fact, bring the interests of the other class members before the court." 2014 IL App (1st) 131543, ¶ 57. Explaining its interpretation of *Barber*, the appellate court stated that "[o]therwise, the court has no basis upon which to determine whether an actual controversy exists between the other class members and the defendant, as would avoid mooting the issue." 2014 IL

App (1st) 131543, ¶ 57. Reviewing plaintiff's initial motion for class certification, the court concluded that because the motion lacked factual allegations in support of class certification, plaintiff "had not yet filed a motion for class certification within the meaning of *Barber*" to avoid a finding of mootness. 2014 IL App (1st) 131543, ¶ 60.

¶ 22    On the adequacy of defendant's tender of relief on Count I, the appellate court noted that plaintiff did not contest defendant's assertion that the $2,500 tendered by defendant was sufficient to satisfy count I and that defendant conceded at oral argument that its tender only pertained to count I. 2014 IL App (1st) 131543, ¶¶ 62-63. Consequently, the court concluded that defendant's tender operated to moot only count I of plaintiff's complaint but not counts II and III. The court then reversed the trial court's class certification on count I but affirmed its certification on counts II and III. 2014 IL App (1st) 131543, ¶ 64.

¶ 23    We allowed plaintiff's petition for leave to appeal. Ill. S. Ct. R. 315 (eff. July 1, 2013). We also allowed G.M. Sign, Inc. and the Illinois Association of Defense Trial Counsel to file *amicus curiae* briefs. Ill. S. Ct. R. 345 (eff. Sept. 20, 2010).

¶ 24                                ANALYSIS

¶ 25    On appeal, plaintiff argues that the appellate court erroneously construed *Barber* to require the motion for class certification filed with its class action complaint to contain sufficient factual allegations and "evidentiary materials adduced through discovery" to avoid mootness when a defendant tenders relief to the named class representative. Plaintiff urges this court to reject that interpretation and, instead, adopt the procedure employed by the federal courts. Specifically, plaintiff maintains that "[w]hile federal courts in Illinois also require the filing of a class certification motion with the complaint, they expressly recognized that information about the size of the class and nature of defendant's practices will have to be obtained during discovery and supplied later." Plaintiff further argues that the appellate court improperly construed *Barber* to permit a class action defendant to moot selectively a single count of a multicount complaint by making "partial" tender on that count.

¶ 26    Defendant responds that the appellate court correctly concluded that plaintiff's initial motion for class certification was a "shell" or "placeholder" motion with

insufficient factual allegations to bring the interests of the class before the trial court for purposes of *Barber*. Thus, defendant asserts that plaintiff's motion could not operate to preclude a finding of mootness under *Barber*. Defendant further argues that permitting a named plaintiff in a class action to file an unsubstantiated motion for class certification concurrently with the class action complaint to avoid mootness would "eviscerate" this court's holding in *Barber*. Accordingly, defendant contends that the appellate court properly reversed the circuit court's class certification on count I in this case because defendant tendered relief on that count before plaintiff filed a proper motion for class certification. Defendant, however, does not respond to plaintiff's argument that a "partial tender" of relief is improper under *Barber*.

¶ 27    Defendant also devotes a significant portion of its brief to arguing that the appellate court's decision should be "affirmed on other grounds." Specifically, defendant argues that the appellate court erroneously found that class certification was an appropriate method of resolution of this case, erroneously concluded that common issues of fact and law predominated over individual defenses, and erroneously determined that plaintiff was an adequate representative.

¶ 28    To resolve the issues presented in this appeal, we must determine whether the appellate court properly interpreted our decision in *Barber*. Because the contested issues present questions of law, our review is *de novo*. *Center Partners, Ltd. v. Growth Head GP, LLC*, 2012 IL 113107, ¶ 27.

¶ 29    We first consider whether the appellate court properly interpreted *Barber* to require the motion for class certification filed with a class action complaint to contain sufficient factual allegations and "evidentiary materials adduced through discovery" to avoid mootness when a defendant tenders relief to the named plaintiff. To answer this question, we must review our decision in *Barber*.

¶ 30    In *Barber*, the plaintiff filed a class action complaint against the defendant airline company based on the defendant's alleged refusal to refund a prepaid $40 baggage fee after her scheduled flight was cancelled. The plaintiff's two-count complaint alleged a single count of breach of contract and a single class action count seeking recovery on behalf of similarly situated persons. The plaintiff, however, did not file a motion for class certification. *Barber*, 241 Ill. 2d at 452-53.

¶ 31    Less than a month after the plaintiff's complaint was filed, the defendant in *Barber* offered to refund the $40 baggage fee, but the plaintiff refused to accept the

refund. Ultimately, the defendant refunded the $40 fee to the plaintiff's credit card, the original form of payment. Thereafter, the defendant filed a motion to dismiss the plaintiff's complaint, arguing, in relevant part, that the class action complaint was moot because the defendant had refunded the contested $40 fee to the plaintiff. Following a hearing, the circuit court granted the defendant's motion to dismiss on mootness grounds. A majority of the appellate court reversed and remanded, concluding that the plaintiff's claim was not moot. *Barber*, 241 Ill. 2d at 453-54.

¶ 32　　　On appeal to this court, the defendant in *Barber* argued that the appellate court majority erred in reversing the trial court's dismissal of the plaintiff's complaint. The defendant argued that the underlying cause of action must be dismissed as moot when a class action defendant tenders the named plaintiff the relief requested before a motion for class certification is filed. Because the defendant tendered the contested $40 baggage fee to the plaintiff and refunded that amount to her credit card, the defendant argued that the trial court properly dismissed the plaintiff's class action complaint as moot. *Barber*, 241 Ill. 2d at 454-55.

¶ 33　　　In response, the *Barber* plaintiff argued that defendant's tender was an unfair attempt to "pick off" her claim as class representative to defeat the proposed class action. The plaintiff argued that the appellate court properly rejected the defendant's attempt to defeat the class action under the so-called " 'pick off' exception" that had developed in the Illinois appellate court. *Barber*, 241 Ill. 2d at 455.

¶ 34　　　Turning to the merits of the parties' arguments in *Barber*, this court focused on mootness principles applicable to class actions. *Barber*, 241 Ill. 2d at 456 (citing *Wheatley v. Board of Education of Township High School District 205*, 99 Ill. 2d 481 (1984)). Specifically, this court explained that:

　　　"[T]he important consideration in determining whether a named representative's claim is moot is whether that representative filed a motion for class certification prior to the time when the defendant made its tender. [Citations.] Where the named representative has done so, and the motion is thus pending at the time the tender is made, the case is not moot, and the circuit court should hear and decide the motion for class certification before deciding whether the case is mooted by the tender. [Citation.] The reason is that a motion for class certification, while pending, sufficiently brings the interests of the other class members before the court 'so that the apparent conflict between

their interests and those of the defendant will avoid a mootness artificially created by the defendant by making the named plaintiff whole.' " *Barber*, 241 Ill. 2d at 456-57 (quoting *Susman v. Lincoln American Corp.*, 587 F.2d 866, 869 (7th Cir. 1978)).

We further explained in *Barber*, however, that the situation is different when the tender is made before the filing of a motion for class certification. In that situation, the interests of the other class members are not before the court, and the case may properly be dismissed. *Barber*, 241 Ill. 2d at 457. Thus, this court concluded that dismissal of the plaintiff's class action was proper in *Barber* because there was no motion for class certification pending when the defendant refunded the contested $40 baggage fee to the named plaintiff, thereby mooting her claim. *Barber*, 241 Ill. 2d at 457.

¶ 35    Lastly, this court in *Barber* rejected the so-called "pick off" exception that had developed in the Illinois appellate court. We concluded that the "pick off" exception lacked a valid legal basis and also contradicted applicable mootness principles when the named plaintiff in a class action is granted the requested relief. *Barber*, 241 Ill. 2d at 460.

¶ 36    Having carefully reviewed *Barber*, it is clear that *Barber* contains no explicit requirement for the class certification motion, other than the timing of its filing. In other words, *Barber* does not impose any sort of threshold evidentiary or factual basis for the class certification motion.

¶ 37    Nevertheless, the appellate court here discerned an "implicit" requirement for the class certification motion, concluding that *Barber* required the motion for class certification to "contain sufficient factual allegations so that it does, in fact, bring the interests of the other class members before the court." 2014 IL App (1st) 131543, ¶ 57. The appellate court also concluded that the motion should contain "evidentiary materials adduced through discovery." (Emphasis omitted.) 2014 IL App (1st) 131543, ¶ 58. The appellate court expressed concern that "if a putative class action plaintiff could circumvent the holding of *Barber* merely by filing a contentless 'shell' motion for class certification contemporaneously with its complaint, then it would effectively eviscerate the *Barber* decision." 2014 IL App (1st) 131543, ¶ 59.

¶ 38    While we agree in principle with the appellate court's suggestion that a "contentless 'shell' motion," or otherwise frivolous pleading, would be insufficient

to preclude a mootness finding under *Barber*, we disagree with the court's determination that plaintiff's motion for class certification here was a "shell" motion that lacked content. To the contrary, plaintiff's motion for class certification identified defendant, the applicable date or dates, and the general outline of plaintiff's class action allegations. More specifically, plaintiff's motion sought certification of three separate classes of individuals with fax numbers who received fax advertisements from defendant during a specific time period and were not provided the requisite "opt out" notice. The motion also referenced the description of the classes in plaintiff's concurrently-filed class action complaint, a pleading that provided additional factual allegations. Thus, it is simply inaccurate to characterize plaintiff's motion as a frivolous "shell" motion when it contains a general outline of plaintiff's class membership, class action allegations, and effectively communicates the fundamental nature of the putative class action.

¶ 39    Even assuming that plaintiff's motion for class certification was insufficient for purposes of class certification under section 2-801 of the Code (735 ILCS 5/2-801 *et seq.* (West 2010)), our decision in *Barber* did not hold that the motion for class certification must be meritorious. To the contrary, the focus of *Barber* is on the timing of the plaintiff's filing a motion for class certification—there is no mention of the ultimate merits of that motion. As this court explained in *Barber*, "a motion for class certification, while *pending*, sufficiently brings the interests of the other class members before the court 'so that the apparent conflict between their interests and those of the defendant will avoid a mootness artificially created by the defendant by making the named plaintiff whole.' " (Emphasis added.) *Barber*, 241 Ill. 2d at 457 (quoting *Susman*, 587 F.2d at 869); see also *Barber*, 241 Ill. 2d at 461 (Kilbride, C.J., specially concurring) (emphasizing that *Barber* "hinges its analysis on the filing of a motion for certification") .

¶ 40    Focusing on the timing of the filing of the motion for class certification rather than on its ultimate merit is also consistent with the approach taken in the Seventh Circuit Court of Appeals. It is settled that we may consider federal case law for guidance on class action issues because the Illinois class action statute is patterned on Rule 23 of the Federal Rules of Civil Procedure. *Mashal v. City of Chicago*, 2012 IL 112341, ¶ 24 (citing *Smith v. Illinois Central R.R. Co.*, 223 Ill. 2d 441, 447-48 (2006)). Here, plaintiff directs our attention to the Seventh Circuit's

decision in *Damasco v. Clearwire Corp.*, 662 F.3d 891 (7th Cir. 2011)[1]. The Seventh Circuit's approach also addresses defendant's concern with the potential delay in litigation resulting from discovery efforts while the motion for class certification is pending.

¶ 41    Consistent with *Barber*, the Seventh Circuit holds that tender of relief to the named plaintiff before a motion for class certification is filed renders the action moot but a tender made after a certification motion is filed does not. *Espenscheid v. DirectSat USA, LLC*, 688 F.3d 872, 874 (7th Cir. 2012); see also *Damasco*, 662 F.3d at 896 (citing *Barber* and recognizing that this court's approach on the issue is the same as the Seventh Circuit). More specifically, the court has explained " 'the mooting of the named plaintiff's claim in a class action by the defendant's satisfying the claim does not moot the action so long as the case has been certified as a class action, or ... so long as a motion for class certification has been made and not ruled on, unless ... the movant has been dilatory.' " *Espenscheid*, 688 F.3d at 874 (quoting *Primax Recoveries, Inc. v. Sevilla*, 324 F.3d 544, 546-47 (7th Cir. 2003)).

¶ 42    Relevant to the controversy here, the Seventh Circuit has also thoroughly addressed the competing interests of the defendant and the named plaintiff on the issue of tender mooting the class action. Rejecting the class action defendant's concern that a plaintiff may have an incentive to move for class certification prematurely without the fully developed facts or discovery required to obtain certification, the court explained that:

"If the parties have yet to fully develop the facts needed for certification, then they can also ask the district court to delay its ruling to provide time for additional discovery or investigation. In a variety of other contexts, we have allowed plaintiffs to request stays after filing suit in order to allow them to complete essential activities. [Citations.] *** We remind district courts that they must engage in a 'rigorous analysis'—sometimes probing behind the pleadings—before ruling on certification. [Citation.] Although discovery may in some cases be unnecessary to resolve class issues [citation], in other cases a

---

[1]After the parties filed their briefs and this court heard oral argument in this appeal, the Seventh Circuit overruled *Damasco* and a number of other decisions from that court "to the extent they hold that a defendant's *offer* of full compensation moots the litigation or otherwise ends the Article III case or controversy." (Emphasis added.) *Chapman v. First Index, Inc.*, 796 F.3d 783, 787 (7th Cir. 2015). Here, plaintiff does not rely on *Damasco* for that legal issue and we do not consider *Damasco* on that question.

court may abuse its discretion by not allowing for appropriate discovery before deciding whether to certify a class [citations]." *Damasco*, 662 F.3d at 896-97.

We believe this approach is entirely consistent with our decision in *Barber* and correctly affords the trial court discretion to manage the development of the putative class action on a case-by-case basis. See *Smith*, 223 Ill. 2d at 447 (citing *Avery v. State Farm Mutual Automobile Insurance Co.*, 216 Ill. 2d 100, 125-26 (2005) (noting that "[d]ecisions regarding class certification are within the discretion of the trial court")). In addition, it also properly balances the competing interests of the named plaintiff and defendant in class actions.

¶ 43        Accordingly, because *Barber* did not impose any explicit requirements on the motion for class certification, let alone a heightened evidentiary or factual basis for the motion, we conclude that plaintiff's motion for class certification in this case was sufficient for purposes of *Barber*. In cases when additional discovery or further development of the factual basis is necessary, as occurred here, those matters will be left to the discretion of the trial court.

¶ 44        Here, plaintiff undisputedly filed its motion for class certification before defendant's purported tender of relief on count I. As we explained in *Barber*, "the important consideration in determining whether a named representative's claim is moot is whether that representative filed a motion for class certification prior to the time when the defendant made its tender." *Barber*, 241 Ill. 2d at 456. Simply put, defendant's tender of relief, "partial" or otherwise,[2] after plaintiff filed its class certification motion could not render moot any part of plaintiff's pending action under *Barber*. See *Barber*, 241 Ill. 2d at 456-47 (explaining why mootness does not apply when a motion for class certification is pending when the defendant tenders relief to the named representative). The appellate court erred in reaching the opposite conclusion, and we reverse that part of its decision.

¶ 45        Lastly, defendant, as the appellee, argues that "[t]he decision of the appellate court to deny class certification should be affirmed on other grounds." We note, however, that the circuit court ruled in favor of plaintiff on all three counts and

---

[2]Because plaintiff filed its motion for class certification before defendant tendered relief, the adequacy of defendant's "partial" tender of relief under *Barber* is immaterial to our disposition. Thus, we do not address plaintiff's argument on the adequacy of defendant's "partial" tender here. See *In re Alfred H.H.*, 233 Ill. 2d 345, 351 (2009) (generally, Illinois courts do not render advisory opinions or consider issues that have no impact on the outcome regardless of how the issue is decided).

certified the class on all counts. The appellate court affirmed the circuit court's judgment on counts II and III of plaintiff's complaint. 2014 IL App (1st) 131543, ¶ 64. Based on its understanding of *Barber*, the appellate court reversed the trial court's class certification only on count I of plaintiff's complaint. See 2014 IL App (1st) 131543, ¶ 64 (appellate court concluding "[w]e therefore reverse the trial court's class certification insofar as it pertains to count I, but we affirm in all other respects").

¶ 46        While the appellate court reversed the trial court's order certifying the class on count I on the basis of its interpretation of *Barber*, we have already resolved that issue in plaintiff's favor. See *supra* ¶¶ 31-48. Nonetheless, defendant argues in its alternative argument to affirm the appellate court's judgment that the court "erred" when it found that class certification was an appropriate method of resolution. Defendant further argues that the appellate court "erred" in determining that common issues of fact and law predominate over individual defenses regarding the Protection Act claim (count I) and conversion claim (count III). Contrary to the appellate court's conclusion, defendant also argues that class certification should have been denied because plaintiff is an unacceptable "tainted" class representative.

¶ 47        Notably, like the circuit court, the appellate court found in favor of plaintiff on all of these class certification issues. 2014 IL App (1st) 131543, ¶¶ 20-32, 43, 52. In other words, defendant's contentions in its alternative argument to affirm the appellate court's judgment have been considered, and rejected, by both the circuit court and appellate court. More to the point, as plaintiff correctly observes in its reply brief, "[a]lthough no other issues related to the appellate court's ruling were raised in the petition for leave to appeal, [defendant] asks the court to hold that class certification was improper for other reasons." As plaintiff's observation demonstrates, defendant, as the appellee, effectively seeks reversal of the circuit court's judgment on these class certification issues despite both the trial court and appellate court having considered those certification issues on their merits and resolving them in plaintiff's favor.

¶ 48        Defendant, however, fails to advance clearly its argument that the appellate court's judgment "should be affirmed on other grounds." Moreover, defendant's alternative argument omits citation to the record for a number of its claims, in contravention of Illinois Supreme Court Rule 341 (Ill. S. Ct. R. 341(h)(7), (i) (eff. Feb. 6, 2013)), and relies significantly on nonprecedential unpublished decisions

from the federal courts or the Illinois circuit court. Under these circumstances, we decline to consider the merits of defendant's alternative argument. See, *e.g.*, *People ex rel. Illinois Department of Labor v. E.R.H. Enterprises, Inc.*, 2013 IL 115106, ¶¶ 56-57 (observing that a reviewing court is entitled to clear presentation of the issues and citation to pertinent authority, and concluding that an issue was forfeited for failure to comply with Rule 341(h)(7), (i)).

¶ 49                                          CONCLUSION

¶ 50        For these reasons, we reverse the part of the appellate court's judgment that reversed the circuit court's order certifying the class on count I and affirm the remaining parts of its judgment. We affirm the circuit court's judgment and remand the matter to the circuit court for further proceedings.

¶ 51        Appellate court judgment reversed in part and affirmed in part.

¶ 52        Circuit court judgment affirmed.

¶ 53        Cause remanded.