# Illinois Official Reports

## Appellate Court

---

**Grimes v. Sage Telecom Communications, LLC, 2018 IL App (1st) 171455**

---

| | |
|---|---|
| Appellate Court Caption | MAURICE H. GRIMES, on Behalf of Himself and All Persons Similarly Situated, Plaintiff-Appellant, v. SAGE TELECOM COMMUNICATIONS, LLC, Defendant-Appellee. |
| District & No. | First District, Fifth Division<br>Docket No. 1-17-1455 |
| Filed | June 1, 2018 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 2016-CH-14790; the Hon. David Atkins, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Russell C. Green, of Chicago, for appellant.<br><br>Trent P. Cornell, of Troutman Sanders, of Chicago, for appellee. |
| Panel | JUSTICE HALL delivered the judgment of the court, with opinion.<br>Presiding Justice Reyes and Justice Lampkin concurred in the judgment and opinion. |

¶ 1 The plaintiff, Maurice H. Grimes, on behalf of himself and all persons similarly situated, brought a class action suit against the defendant, Sage Telecom Communications, LLC, seeking damages for breach of contract between the defendant and the plaintiff and other consumers. The plaintiff had not yet filed a motion to certify the class when the defendant made a tender of relief to him. The circuit court granted the defendant's motion to dismiss pursuant to section 2-619 of the Code of Civil Procedure (Code) (735 ILCS 5/2-619 (West 2016)).

¶ 2 The plaintiff appeals, contending that the circuit court erred in dismissing his complaint. The plaintiff requests that this court determine that to be effective, statutory costs—whether specifically requested or not—must be included in the tender of relief. He further requests that we revisit cases holding that a class action is moot if a tender of relief is made before the plaintiff files a motion for certification of the class. For reasons discussed below, we affirm the dismissal of the plaintiff's complaint.

¶ 3                                  BACKGROUND

¶ 4 The following facts are taken from the pleadings contained in the record on appeal.

¶ 5 On November 10, 2016, the plaintiff filed his class action complaint for breach of contract. The complaint alleged that the defendant provided telephone service to him for which he paid a monthly charge of $53.84, in advance. Due to a service interruption between August 28, and September 10, 2015, the plaintiff, along with other customers of the defendant, was without telephone service, depriving him of the ability to conduct business and personal matters over the telephone. The plaintiff sought relief as follows:

"A. for an order determining that this action may proceed as a class action, and designating the appropriate class;

B. for a declaratory judgment determining the rights of the class members to a refund of a portion of their monthly fees;

C. for damages for a pro rata share of each class member's monthly fees paid to [the defendant] in such sum as the evidence may support;

D. for such other relief as may be necessary and appropriate."

¶ 6 The defendant was served with summons on November 28, 2016. At the request of the defendant, the plaintiff agreed to extend the time for it to answer the complaint or otherwise plead to January 25, 2017.

¶ 7 In a hand-delivered letter dated January 19, 2017, the defendant offered to resolve the dispute and enclosed a cashier's check in the amount of $100 payable to the plaintiff. The defendant requested that on or before January 20, 2017, the plaintiff notify the defendant that he was dismissing the complaint with prejudice. Otherwise, the defendant would file a section 2-619 motion to dismiss the complaint.

¶ 8 On January 20, 2017, the defendant filed its appearance and a motion to dismiss. In the motion, the defendant alleged that the tendered amount of $100 covered the full monthly payment of $53.84 plus interest. The defendant further alleged that the plaintiff had agreed to the extension of time and had not filed a motion to certify the class. Finally, the defendant

pointed out that Illinois courts have held that a voluntary acceptance of the tender by a plaintiff was not required.

¶ 9  On February 6, 2017, the plaintiff filed a motion for certification of the class. He also filed a memorandum of law in response to the motion to dismiss. In the memorandum, the plaintiff argued that the defendant's tender of $100 did not constitute complete relief in that it did not include the cost he incurred in filing the complaint and the service of process fee. He alleged that the defendant was not acting in good faith when it requested the extension of time to respond to the complaint but never mentioned the possibility of a settlement.

¶ 10  In its reply, the defendant pointed out that the plaintiff's actual damages for the two-week loss of service was $26.92, and with prejudgment interest at 5%, the total amount was $28.94. Therefore, its $100 tender was in excess of the full amount of the plaintiff's damages. The defendant maintained that the plaintiff was not required to wait until after the defendant appeared to file his motion to certify the class. On March 29, 2017, the circuit court ordered the parties to file supplemental memoranda addressing the costs issue.

¶ 11  On May 3, 2017, after considering the briefs and arguments, the circuit court granted the defendant's motion. In its order, the court noted that, generally, a class action complaint is moot where the putative class representative's claims are resolved prior to the filing of a motion for class certification. The court further noted that the plaintiff did not dispute that "he did in fact receive tender of the full amount he individually sought in his complaint, and that such tender was received prior to any motion for class certification being filed in this matter." Citing *Hillenbrand v. Meyer Medical Group, S.C.*, 308 Ill. App. 3d 381 (1999), the circuit court found that, to be effective, the tender of relief did not require the inclusion of fees and costs. The court concluded that the plaintiff's claim was moot and dismissed the case with prejudice.

¶ 12  The plaintiff filed a timely notice of appeal from the circuit court's May 3, 2017, order dismissing the complaint with prejudice.

¶ 13                                    ANALYSIS

¶ 14  On appeal, the plaintiff contends that without the inclusion of the costs of filing his complaint and the service of summons on the defendant, the defendant's tender was not effective, as it did not give him complete relief. In addition, the plaintiff seeks modification of existing case law requiring him to file a motion to certify the class prior to a tender of relief offer to avoid dismissal on mootness grounds.

¶ 15                             I. Standard of Review

¶ 16  Dismissal pursuant to section 2-619 is reviewed *de novo*. *Barber v. American Airlines, Inc.*, 241 Ill. 2d 450, 455 (2011). A section 2-619 motion to dismiss admits the legal sufficiency of the complaint but asserts an affirmative defense or other matter that avoids or defeats the plaintiff's claim. *Barber*, 241 Ill. 2d at 455. *De novo* review also applies to the construction of a statute. *In re Marriage of Baumgartner*, 384 Ill. App. 3d 39, 48 (2008).

## II. Discussion

### A. Costs

The plaintiff contends that the cost of filing the complaint and the service of process fee must be included in the tender for it to be effective. In support of his contention, he relies on sections 5-108 and 5-126 of the Code (735 ILCS 5/5-108, 5-126 (West 2016)). We note that the plaintiff does not contend that the tender was conditional.[1]

An award of costs under section 5-108 of the Code is appropriate only where a plaintiff recovers a judgment in an action for damages. *Hillenbrand*, 308 Ill. App. 3d at 389. In the present case, the defendant's tender of relief was not the result of a judgment entered in the plaintiff's favor; rather, the tender resulted in a judgment of dismissal of the plaintiff's complaint in favor of the defendant. See *Hillenbrand*, 308 Ill. App. 3d at 389. Therefore, section 5-108 does not require that, to be effective, the tender must include the court costs incurred by the plaintiff in initiating the litigation.

Section 5-126 provides as follows:

> "Costs after tender. Whoever is guilty of a trespass or injury or whoever owes another unliquidated damages or demands arising out of a contract may at any time, before or after suit is brought, tender what he or she shall conceive sufficient amends for the injury done or to pay the unliquidated damages or demands; and if suit has been commenced, also the costs of suit up to the time of making the tender. If it appears that the sum tendered was sufficient amends for the injury done or to pay the damages, and if suit has been commenced was also sufficient to pay the costs of suit up to the time of making the tender, the plaintiff shall not be allowed to recover any costs incurred after the tender, but shall be liable to the defendant for the defendant's costs incurred after that time." 735 ILCS 5/5-126 (West 2016).

The plaintiff's reliance on section 5-126 of the Code is also misplaced. The record on appeal supports the defendant's assertion that the plaintiff did not raise this argument in the circuit court. There is no mention of section 5-126 in the plaintiff's response to the motion to dismiss or in his supplemental memorandum on the issue of costs. The plaintiff did not address the defendant's assertion of forfeiture in his reply brief.

"A reviewing court will not consider on review issues and arguments which were not presented to or considered by the trial court." *Jeanblanc v. Sweet*, 260 Ill. App. 3d 249, 254 (1994). Where aspects of the arguments the defendants raised on appeal were distinct from the ones they raised in the trial court, their appellate contentions were forfeited. *Jeanblanc*, 260 Ill. App. 3d at 254.[2] However, forfeiture does not bar this court from considering an issue or

---

[1] In *G.M. Sign, Inc. v. Swiderski Electronics, Inc.*, 2014 IL App (2d) 130711, the appellate court held that the dismissal of the class action complaint on the grounds of mootness was error where the tender of relief was conditioned on its acceptance within 12 days. The offer had expired by the time the defendant moved to dismiss. *G.M. Sign, Inc.*, 2014 IL App (2d) 130711, ¶ 33 (to moot a plaintiff's claim, the offer must be unconditional).

[2] The court in *Jeanblanc* used the term "waiver." Whereas "waiver" is the intentional relinquishment of a known right, "forfeiture" refers to issues that could have been raised but were not, and are therefore barred. See *Maniez v. Citibank, F.S.B.*, 404 Ill. App. 3d 941, 947-48 (2010). The term "forfeiture" rather than "waiver" described the basis for the court's refusal to consider the appellate arguments in *Jeanblanc*.

argument. See *Maniez v. Citibank, F.S.B.*, 404 Ill. App. 3d 941, 948 (2010) (the principles of waiver and forfeiture are binding on the parties but do not limit the reviewing court's jurisdiction).

¶ 24 There are obvious distinctions between a tender under section 5-126 and a tender to the named plaintiff in a class action suit. Section 5-126 deals only with limiting the expenditure of costs when a sufficient offer of settlement is made. The tender can be made at any time and does not control the viability of the suit. In a class action suit, such as the one in this case, the tender renders the suit moot, regardless of whether the named plaintiff accepts the tender, if made prior to the plaintiff's filing of a motion to certify the class.

¶ 25 The plaintiff forfeited his argument based on section 5-126 of the Code. Even in the absence of forfeiture, we conclude that section 5-126 does not apply to a tender of relief to the named plaintiff in a class action suit.

¶ 26 The plaintiff maintains that his general prayer for relief should be read to include a request for costs. We disagree. Section 2-604 of the Code (735 ILCS 5/2-604 (West 2016)) provides in pertinent part as follows:

"Prayer for Relief. *** Except in case of default, the prayer for relief does not limit the relief obtainable, but where other relief is sought the court shall, by proper orders, and upon terms that may be just, protect the adverse party against prejudice by reason of surprise." 735 ILCS 5/2-604 (West 2016).

¶ 27 In *Kleczek v. Jorgensen*, 328 Ill. App. 3d 1012 (2002), the reviewing court held that a general prayer for relief in a complaint, for " 'any other relief as the court deems equitable and proper' " was not a " 'specific prayer' " within the meaning of section 2-604. See *Kleczek*, 328 Ill. App. 3d at 1026-27 (where the complaint requested rescission, the general prayer for relief did not forewarn the defendants that the plaintiffs would seek the difference between the rescission amount and the sale price as a measure of damages).

¶ 28 Likewise, in the present case, the plaintiff requested specific relief in the form of reimbursement of a portion of the monthly charge based on the two-week service interruption. He did not request costs as part of the relief sought, and his prayer "for such other relief as may be necessary and appropriate" was not a specific prayer within the meaning of section 2-604 of the Code.

¶ 29 In sum, the plaintiff was not entitled to the inclusion of costs in the defendant's tender to afford him the complete relief he sought in his complaint.

¶ 30 B. Motion to Certify the Class

¶ 31 The plaintiff contends that the defendant's actions in requesting an extension of time to respond to the complaint and then presenting a tender of relief amounted to a "pick off" of the putative class representative. Relying on *Arriola v. Time Insurance Co.*, 323 Ill. App. 3d 138 (2001), he maintains that the "pick off" is an exception to a dismissal based on mootness where there has been a tender of relief. However, in *Barber*, our supreme court specifically rejected the "pick off" exception. *Barber*, 241 Ill. 2d at 459.

¶ 32 The court in *Barber* traced the origins of the "pick off" exception to *Arriola*, where, in *dicta*, the appellate court held that the plaintiff must have a reasonable opportunity to move for class certification before the case can be dismissed. *Barber*, 241 Ill. 2d at 458 (citing *Arriola*, 323 Ill. App. 3d at 152). The court in *Barber* agreed with Justice Cahill, who dissented in the

appellate decision in *Barber*, that the exception " 'has no basis in the law.' " *Barber*, 241 Ill. 2d at 458-59 (quoting *Barber v. American Airlines, Inc.*, 398 Ill. App. 3d 868, 889 (2010) (Cahill, P.J., dissenting)).

¶ 33 The plaintiff contends that allowing the defendant to remove him as the class representative leads to an unreasonable result and is bad policy. He points out that he agreed to the extension requested by the defendant as a professional courtesy and that settlement was not mentioned or discussed at that time. The plaintiff further points out that until the defendant appeared, he had no one upon whom to serve the motion to certify the class, and he could not initiate any discovery without a court order. See Ill. S. Ct. R. 201(d) (eff. July 30, 2014). Therefore, his February 6, 2017, motion to certify the class was filed "[a]s soon as practicable after the commencement of an action brought as a class action." 735 ILCS 5/2-802 (West 2016). The plaintiff maintains that he was denied an award of costs only because he sought to represent a class. Had he brought an individual claim, under section 5-126 he would be entitled to those same costs.

¶ 34 As an appellate court, we are bound to follow the holding in *Barber*. "Once our supreme court has declared the law with respect to an issue, this court must follow that law, as only the supreme court has authority to overrule or modify its own decisions." *John Crane, Inc. v. Admiral Insurance Co.*, 2013 IL App (1st) 093240-B, ¶ 69. Moreover, nothing prevented the plaintiff from filing his motion to certify the class at any time at the time of or after filing the class action complaint. He was not required to wait until the defendant filed an appearance. See *Ballard RN Center, Inc. v. Kohll's Pharmacy & HomeCare, Inc.*, 2015 IL 118644, ¶ 44 (where the plaintiff's motion for class certification was filed concurrently with the class action complaint, it was pending before the tender of relief and precluded the finding of mootness). Any need for additional discovery or further development of the facts to support the motion for class certification is left to the discretion of the trial court. *Ballard RN Center, Inc.*, 2015 IL 118644, ¶ 43 (rejecting the argument that the motion to certify must be meritorious to bar the finding of mootness based on the tender of relief). Finally, we observe that it was the plaintiff who chose to pursue his claim against the defendant in a class action suit rather than as an individual.

¶ 35                                                          CONCLUSION

¶ 36 For all the foregoing reasons, we conclude that the defendant's tender mooted the plaintiff's class action, and the dismissal of the complaint was proper. *Gatreaux v. DKW Enterprises, LLC*, 2011 IL App (1st) 103482, ¶ 32. The judgment of the circuit court dismissing the complaint with prejudice is affirmed.

¶ 37         Affirmed.