2024 IL App (1st) 23-1920-U

No. 1-23-1920

Order filed December 20, 2024

Fifth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| FRANCISCO BENAVENTE, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 22 CH 10730 |
| | ) | |
| PHIL MUMFORD, SR. and PHIL MUMFORD, JR., | ) | Honorable |
| | ) | Eve Reilly, |
| Defendants-Appellees. | ) | Judge, Presiding. |
| | ) | |

_____

JUSTICE ODEN JOHNSON delivered the judgment of the court.
Presiding Justice Mikva and Justice Mitchell concurred in the judgment.

**ORDER**

¶ 1   *Held*:   Trial court's denial of leave to amend complaint was not an abuse of discretion as plaintiff's amendment would not have cured a defective pleading, amendment so close to trial date would have prejudiced defendant, and plaintiff had a previous opportunity to amend.

¶ 2   Plaintiff Francisco Benavente appeals from the dismissal of his first amended complaint against defendants Phil Mumford, Sr. (Mumford Sr.) and Phil Mumford, Jr. (Mumford Jr.) for alleged violations of the Illinois Biometric Information Privacy Act (BIPA). 740 ILCS 14/1 *et al.*

(West 2022). On appeal, plaintiff contends that: (1) section 10-10(a-5) of the Illinois Limited Liability Company Act (Act) (805 ILCS 180/10-10(a-5) (West 2022)) permits an action against managers and members of an LLC for violations of the Act, and (2) the circuit court erred in dismissing plaintiff's first amended complaint under section 2-619.1 (735 ILCS 5/2-619.1 (West 2022)). For the following reasons, we affirm.

¶ 3                                    I. BACKGROUND

¶ 4     Plaintiff, individually and on behalf of other persons similarly situated, filed a purported class action complaint on October 31, 2022, against The Mumford Companies LLC (Mumford Companies) alleging violations of BIPA. Simultaneously, plaintiff filed a "placeholder" motion for class certification, pursuant to *Ballard RN Center, Inc. v. Kohl's Pharmacy & Homecare, Inc.*, 2015 IL 118644. The original complaint alleged that he was an employee of Mumford Metal Casting LLC (Mumford Metal) and that Mumford Companies did business as Mumford Metal. We note that Mumford Metals was involuntarily dissolved by the Illinois Secretary of State on June 10, 2022. The original complaint also alleged that Mumford Companies collected and stored its employees' fingerprints and required all employees to clock-in and clock-out by scanning their fingerprints into a fingerprint-scanning machine, and that the Mumford Companies failed to follow the requirements of BIPA in collecting and storing its employees' biometric information.

¶ 5     Mumford Companies filed a motion to dismiss on January 4, 2023, arguing that plaintiff named the wrong party. Mumford Companies attested that it had never employed plaintiff and had never used or collected biometric information as defined in BIPA. Plaintiff sought and obtained leave to file an amended complaint, which it filed on February 28, 2023. The first amended

complaint restated the allegations from the original complaint, but substituted Mumford Sr. and Mumford Jr. as defendants, who were the managing members of Mumford Metal.

¶ 6 Defendants filed a section 2-619.1 (735 ILCS 5/2-619.1 (West 2022)) to dismiss the first amended complaint. For the section 2-615 portion of the motion, defendants argued that they did not employ people or use biometric information, Mumford Metals did and was the "private entity" contemplated by BIPA. For the section 2-619 portion of the motion, defendants argued that it had an affirmative defense under the section 10-10(a) (805 ILCS 180/10-10(a) (West 2022)) of the Act as amended in 2020. Defendants contended that plaintiffs did not seek to pierce the corporate veil and his cause of action was solely based on defendants' status as the managing members of the dissolved LLC. Further, defendants argued that plaintiff made no allegation of defendants' wrongful conduct and that BIPA did not extend the scope of liability to piercing the corporate veil.

¶ 7 After briefing and oral argument on defendants' motion,[1] the circuit court entered a written order on September 27, 2023, granting the motion to dismiss. The circuit court noted that, although individuals can be private entities under BIPA, BIPA does not explicitly impose duties on individuals acting in the capacity as managers and members of a limited liability company. Further, the court stated that pursuant to section 10-10(a) of the Act, a member or manager was not personally liable for a debt, obligation or liability of the LLC solely by reason of being or acting as a member or manager and rejected plaintiff's argument that the amended section 10-10(a-5) could be extended to hold defendants liable. Rather, the court found that section 10-10(a-5) clarified that a member or manager of an LLC may be liable under the law for their own wrongful

---

[1] Plaintiff has not included a report of proceedings or bystander's report from the hearing on defendants' motion.

acts or omissions, even when purporting to act on behalf of the company, and the types of personal liability imposed and contemplated by the Act were not analogous to plaintiff's claims. The circuit court further noted that the Act was amended in 2020 to specifically overrule the judicial interpretations of section 10-10 in *Dass v. Yale*, 2013 IL App (1st) 122520 and *Carollo v. Irwin*, 2011 IL App (1st) 102765, and found those cases to be distinguishable from plaintiff's case. The court concluded that plaintiff's allegations confirmed that he sought to impose liability on defendants as members and managers of Mumford Metal solely because they were acting as members and managers in violation of the Act.

¶ 8    Plaintiff filed his timely notice of appeal on October 19, 2023.

¶ 9                                II. ANALYSIS

¶ 10    As noted above, plaintiff contends on appeal that: (1) section 10-10(a-5) of the Illinois Limited Liability Company Act (Act) (805 ILCS 180/10-10(a-5) (West 2022)) permits an action against managers and members of an LLC for violations of the Act, and (2) the circuit court erred in dismissing plaintiff's first amended complaint under section 2-619.1 (735 ILCS 5/2-619.1 (West 2022)). While plaintiff frames the issues as two separate issues, there is only one issue before this court- whether the circuit court properly granted defendants' section 2-619.1 motion to dismiss by concluding that section 10-10(a-5) of the Act did not allow plaintiff to bring an action against defendants as members and managers of the LLC under BIPA.

¶ 11                A. Standard of Review for a Section 2-619.1 Motion to Dismiss

¶ 12    This case is before us on the grant of defendants' section 2-619.1 (735 ILCS 5/2-619.1 (West 2022)) motion to dismiss. Section 2-619.1 provides that motions with respect to pleadings

pursuant to sections 2-615 and 2-619 of the Code (*id*. §§ 2-615, 2-619) may be filed together as a single motion. *Id.* §2-619.1; *Eberhardt v. Village of Tinley Park*, 2024 IL App (1st) 230139, ¶ 17.

¶ 13    A section 2-615 (735 ILCS 5/2-615 (West 2022)) motion to dismiss challenges the legal sufficiency of a complaint based on defects that are apparent on its face. *Eberhardt*, 2024 IL App (1st) 230139, ¶ 18. In ruling on a section 2-615 motion to dismiss all well-pleaded facts and all reasonable inferences that may be drawn from those facts are accepted as true. *Id.* However, a plaintiff may not rely on mere conclusions of law or fact unsupported by specific factual allegations. *Id*. The crucial inquiry is whether the allegations of the complaint are sufficient to establish a cause of action under which relief may be granted. *Id*. Accordingly, only the facts apparent from the face of the pleadings, documents attached to a complaint, matters of which the court can take judicial notice, and judicial admissions in the record may be considered in ruling on a section 2-615 motion. *Id.*

¶ 14    In contrast, a motion to dismiss based on section 2-619 (735 ILCS 5/2-619 (West 2022)) admits the legal sufficiency of the complaint but raises defects, defenses, or other affirmative matters, appearing on the face of the complaint or established by additional submissions that defeat the claim. *Id*. ¶ 19. An affirmative matter for purposes of a section 2-619 motion is something like a defense that negates the cause of action completely or refutes crucial conclusions of material fact contained in or inferred from the complaint. *Id.* The purpose of section 2-619 is to give litigants a means to dispose of issues of law and easily proven issues of fact at the beginning of litigation. *Id.*

¶ 15     In considering a combined motion to dismiss pursuant to section 2-619.1, we accept all well-pleaded facts in the complaint as true, drawing all reasonable inferences from these facts in

favor of the nonmoving party. *Id.* ¶ 20. Our review, under either section is *de novo* and we may affirm the trial court's judgment on any basis in the record regardless of the court's reasoning. *Id.*

¶ 16     B. Does Section 10-10(a-5) of the LLC Act Allow Manager and Member
            Personal Liability Under BIPA?

¶ 17    Turning to the merits of plaintiff's claim, plaintiff's first amended complaint alleged that defendants, in their capacity as members and managers of Mumford Metal, violated BIPA in the collection, use and storage of employees' biometric information. Plaintiff conceded in the circuit court that he was not arguing that the "corporate veil" should be pierced under section 10-10(d) (805 ILCS 180/10-10(d) (West 2022)) of the Act, rather that defendants' own actions as the managers and members of the LLC violated BIPA. He makes the same arguments before this court. He argues that section 10-10(a-5) (*id*. §10-10(a-5)) of the Act allows his claim to proceed. Plaintiff notes that section 10-10(a-5) overruled *Dass v. Yale*, 2013 IL App (1st) 122520 and *Carollo v. Irwin*, 2011 IL App (1st) 102765, and cites *Tadros v. City of Chicago Dept. of Administrative Hearings*, 2021 IL App (1st) 200273, to support his contentions.

¶ 18    Section 14/15 of BIPA governs the retention, collection, disclosure and destruction of biometric information. 740 ILCS 14/15 (West 2022). Subsection (a) provides that a "private entity" in possession of biometric identifiers or biometric information must develop a written policy that establishes a retention schedule and guidelines for permanently destroying such biometrics when the initial purpose for its collection has been satisfied within three years of the person's last interaction with the private entity. *Id.* §14/15(a). Subsection (b) sets forth the procedures for a private entity to collect, capture, or otherwise obtain a person's or customer's biometrics, namely: the private entity must first inform the person in writing that biometrics are being collected or stored; informs the person in writing of the specific purposes and length of term for which the

biometric information is being collected, stored, and used; and receives a written release executed by the person. *Id.* §14/15(b). Section 14/10 defines a "private entity" as any individual, partnership, corporation, limited liability company, association, or other group. *Id.* §14/10. Section 14/20 grants any person injured by a violation of BIPA a right of action in a State circuit court or as a supplemental claim in a federal district court against the offending party. *Id*. §14/20.

¶ 19    The Act governs limited liability companies in Illinois. 805 ILCS 180/1 *et al*. (West 2022). Relevant to our discussion, section 10-10 (805 ILCS 180/10-10 (West 2022)) of the Act governs the liability of members and managers, and was amended in 2020, and provides as follows, in pertinent part:

> "(a) Except as otherwise provided in subsection (d) of this Section, the debts, obligations, and liabilities of a limited liability company, whether arising in contract, tort, or otherwise, are solely the debts, obligations, and liabilities of the company. A member or manager is not personally liable for a debt, obligation, or liability of the company solely by reason of being or acting as a member or manager.
>
> (a-5) Nothing in subsection (a) or subsection (d) limits the personal liability of a member or manager imposed under law other than this Act, including, but not limited to, agency, contract, and tort law. The purpose of this subsection (a-5) is to overrule the interpretation of subsections (a) and (d) set forth in Dass v. Yale, 2013 IL App (1st) 122520, and Carollo v. Irwin, 2011 IL App (1st) 102765, and clarify that under existing law a member or manager of a limited liability company may be liable under law other than this Act for its own wrongful acts or omissions, even when acting or purporting to act on behalf of a limited liability company. This subsection is therefore intended to be applicable to actions

with respect to which all timely appeals have not exhausted before the effective date of this amendatory Act of the 101st General Assembly.

* * *

(d) All or specified members of a limited liability are liable in their capacity as members for all or specified debts, obligations, or liabilities of the company if:

(1) a provision to that effect is contained in the articles of organization; and

(2) a member so liable has consented in writing to the adoption of the provision or to be bound by the provision." 805 ILCS 180/10-10(a), (a-5), (d) (West 2022).[2]

¶ 20    Questions of statutory construction are questions of law and reviewed *de novo*. *Mosby v. Ingalls Memorial Hospital*, 2023 IL 129081, ¶ 29. The fundamental rule of statutory construction is to ascertain and give effect to the legislature's intent. *Id.* ¶ 30. The language of the statute is the best indication of legislative intent, and we give that language its plain and ordinary meaning. *Id.* We construe the statute as a whole and cannot view words or phrases in isolation, but rather, must consider them in light of other relevant provisions of the statute. *Id*. When the statutory language is plain and unambiguous, a court may not depart from that plain language by reading into the law exceptions, limitations, or conditions that the legislature did not express. *Id.* ¶ 31. In construing a statute, the court may consider the reason for the law, the problems sought to be remedied, the purposes to be achieved, and the consequences of construing the statute one way or another. *Id.*

¶ 21    Looking at the plain language of Section 10-10(a-5) of the Act, it is clear that the section is intended to ensure that managers and members do not have unfettered limits on liability for their

---

[2] We note that section 10-10 of the Act has been amended again by P.A. 103-920 (S.B. 2765) on August 9, 2024, and the new section will become effective on January 1, 2025.

own individual violations of law outside of the Act, even if they are acting on behalf of the LLC. As noted by plaintiff, the plain language within the statute also indicates that it expressly overruled *Carollo and Dass* with the 2020 amendment. In *Carollo*, a former business partner sued the partnership and former partner, alleging breach of a settlement agreement. *Carollo*, 2011 IL App (1st) 102765, ¶ 1. The circuit court granted summary judgment to plaintiff and this court affirmed. *Id.* ¶¶ 1-2. In *Dass*, condominium unit owners brought common law fraud and Consumer Fraud Act claims against the manager of the LLC that sold them the units. *Dass*, 2013 IL App (1st) 122520, ¶ 2. The circuit court granted the manager's motion to dismiss, and this court affirmed. *Id.* ¶¶ 1, 3. As noted, the 2020 amendment to section 10-10(a-5) expressly overruled both of those cases.

¶ 22    Plaintiff cites *Tadros*, which appears to be the only case that has applied section 10-10(a-5) since the 2020 amendment, in support of his argument. In *Tadros*, the manager of an LLC that was the beneficial owner of real estate property in Chicago petitioned for review of the City's administrative decision that he was jointly liable for unpaid water bills associated with the property. *Tadros*, 2021 IL App (1st) 200273, ¶ 1. The circuit court reversed the City's decision and this court reversed. *Id.* ¶ 1. This court noted that the manager's liability was not solely based on his status as the manager, but rather, he was liable under the City's municipal code, which holds all owners of a property jointly and severally responsible for water payments. *Id.* ¶¶ 24-25. This case is distinguishable from the case at bar because it found that section 10-10 did not preclude personal liability by an LLC manager who was also an owner of the property as defined by a statute that also explicitly set forth the liability for water payments. We find that *Tadros* is not instructive to the case at bar.

¶ 23    By its terms, BIPA defines private entities who are liable under its terms, which specifically includes both individuals and business entities, including LLCs. See 740 ILCS 14/10 (West 2022). However, BIPA does not explicitly name managers or members of an LLC as private entity. As noted above, section 14/15 of BIPA governs the retention, collection, disclosure and destruction of biometric information. *Id*. §14/15. Subsection (a) provides that a "private entity" in possession of biometric identifiers or biometric information must develop a written policy that establishes a retention schedule and guidelines for permanently destroying such biometrics when the initial purpose for its collection has been satisfied within three years of the person's last interaction with the private entity. *Id.* §14/15(a). Subsection (b) sets forth the procedures for a private entity to collect, capture, or otherwise obtain a person's or customer's biometrics, namely: the private entity must first inform the person in writing that biometrics are being collected or stored; informs the person in writing of the specific purposes and length of term for which the biometric information is being collected, stored, and used; and receives a written release executed by the person. *Id.* §14/15(b).

¶ 24    Here, plaintiff alleged in his first amended complaint that he was subject to the unlawful biometric scanning and storage practices of defendants and indicates that he was a past and present employee of defendants. However, the record, including plaintiff's initial complaint, indicates that plaintiff was never employed by defendants directly, but was at all relevant times, an employee of Mumford Metals. The record also reveals that Mumford Metals was involuntarily dissolved prior to the filing of plaintiff's suit. The first amended complaint also alleged that defendants collected and stored employees' fingerprints and required employees to clock-in and clock-out by scanning their fingerprints into a fingerprint-scanning machine. However, the first amended complaint does

not allege how defendants, who were not plaintiff's employer, would have been responsible for the collection and retention of plaintiff's biometric information related to his employment, beyond stating that they were the managers and members of the LLC. There was no allegation made that defendants were directly responsible for the day-to-day operations of the LLC, inclusive of selecting the clock-in, clock-out process. In fact, there was no allegation that defendants even worked in the business; being a manager or member of the LLC itself does not necessarily equate to working in the day-to-day operations of the business. Thus, plaintiff's first amended complaint failed to establish that defendants were the proper parties for plaintiff's suit under BIPA- there were no facts alleged other than defendants' status as managers and members to attempt to bring defendants under BIPA's definition as private entities. Further, because plaintiff was never directly employed by defendants, plaintiff's first amended complaint fails to establish any duty owed to plaintiff by defendants under BIPA. Based on the fact that plaintiff was not employed by defendants and defendants never personally collected or stored any of plaintiff's biometric information, the circuit court properly dismissed plaintiff's first amended complaint pursuant to section 2-615 (735 ILCS 5/2-615 (West 2022)).

¶ 25    The same conclusion is warranted when plaintiff's first amended complaint is examined under section 2-619 (735 ILCS 5/2-619 (West 2022)). We have already concluded that the first amended complaint fails to make a connection between defendants' status as managers and members to any alleged BIPA violations as they were not plaintiff's employer. The only way for liability to attach to defendants directly under BIPA as private entities would be if they personally violated BIPA. The plain language of section 10/10(a-5) of the Act makes it clear that, unless there is liability elsewhere under the law for managers and members of LLCs for their own wrongful

acts or omissions, subsections (a) and (d) of the Act would apply.[3] 805 ILCS 180/10-10(a-5) (West 2022). Based on the allegations raised in the first amended complaint, the private entity responsible to plaintiff under BIPA would have been Mumford Metals, who was not named in the complaint, and not defendants. Therefore, the allegations raised in the first amended complaint fall short of establishing that section 10-10(a-5) applies, leaving only section 10-10(d) to establish any personal liability to plaintiff by defendants.

¶ 26    The record makes clear that plaintiff indicated to the circuit court multiple times that he was not seeking to "pierce the corporate veil" in order to hold defendants personally liable under BIPA, but that his allegations were based on defendants' own alleged wrongdoings. The first amended complaint made no allegation that defendants agreed to be personally liable for any debts, obligations or liabilities of the LLC in the articles of organization or that defendants consented in writing to the adoption of such provision or to be bound by the provision as required by subsection (d) (805 ILCS 180/10-10(d) (West 2022)). Plaintiff's suit amounts to an attempt to hold defendants personally liable for alleged violations of BIPA by the now defunct LLC simply because they were its managers and members, which runs afoul of the purposes of the Act, and more specifically, sections 10-10(a) and (d). As such, we agree with the circuit court that section 10-10 of the Act provides defendants with affirmative defenses to plaintiff's claims that he cannot overcome. Accordingly, the circuit court properly granted defendants' section 2-619 (735 ILCS 5/2-619 (West 2022)) motion to dismiss plaintiff's first amended complaint.

¶ 27                                CONCLUSION

---

[3] Subsection (a) provides limited personal liability to managers and members for debts, obligations and liabilities of an LLC, and subsection (d) sets forth when personal liability attaches for managers and members. 805 ILCS 5/10-10(a), (d) (West 2022).

¶ 28    For the foregoing reasons, the judgment of the circuit court of Cook County which dismissed plaintiff's first amended complaint with prejudice is affirmed.

¶ 29    Affirmed.